UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL V. NICKERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RON BROOMFIELD, et al.,<br><br>　　　　　Defendants. | Case No. 20-06326 EJD (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a California state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against the Warden and CEO of San Quentin State Prison ("SQSP") and the Director of the CDCR, as well as SQSP and the CDCR.[1] Dkt. No. 1. Plaintiff's motion for leave to proceed in forma pauperis shall be addressed in a separate order.

**DISCUSSION**

**A.　Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

---

[1] This matter was reassigned to this Court on October 15, 2020, after Plaintiff failed to file consent to magistrate judge jurisdiction in the time provided. See Dkt. Nos. 5, 6.

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims that on May 30, 2020, SQSP decided to "disregard an order not to do transferees until pandemic is over and brought 121 inmates which infected almost the whole population with Covid-19." Dkt. No. 1 at 3. Plaintiff claims that in a "July 19 conference with a judge [the prison] was "ordered to release at least half of the population to curb the spread" and "at the same time the CDCR turned down testing from a lab in Berkeley." Id. Plaintiff claims that all the prison has done "is shuffle inmates from one unit to another and back, during the first week of August" and "tried moving negative and positive together in some cases that was already the issue." Id. For relief, Plaintiff seeks immediate release and payment of "future cost of medical expenses." Id.

**1.     Habeas Jurisdiction**

Because Plaintiff is seeking release from custody, habeas jurisdiction is implicated. Under federal law, a habeas action is one of the "two main avenues to relief on complaints related to imprisonment," the other avenue being an action under 42 U.S.C. § 1983. Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a

2

§ 1983 action." Id. (internal citation omitted). A habeas action "is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas," i.e., "'if success in [the] action would necessarily demonstrate the invalidity of confinement or its duration.'" Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (quoting Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005)). A corollary rule is that "a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus." Nettles, 830 F.3d at 927. A prisoner's claim which, if successful, will not necessarily lead to immediate or speedier release from custody falls outside the "core of habeas corpus" and must be pursued (if at all) in a civil rights action under 42 U.S.C. § 1983, rather than in a habeas action. Nettles, 830 F.3d at 927-28.

Although the Ninth Circuit has not yet ruled on the question, several other United States Courts of Appeal have held that a habeas action is the proper vehicle for a petitioner seeking release from custody based on Covid-19 risks in prison. See, e.g., Wilson v. Williams, 961 F.3d 829, 837-38 (6th Cir. 2020) (to the extent federal prisoners argued that the unconstitutional conditions related to the pandemic could only be remedied by release, habeas statute conferred upon the district court jurisdiction to consider the petition); id. at 838 (prisoners who sought improvement in the conditions rather than release from custody could not have their claims considered under habeas statute because such claims were conditions-of-confinement claims); Hope v. Warden York County Prison, 972 F.3d 310, 323 (3rd Cir. 2020) (action seeking release of immigration detainees due to Covid-19 risk was properly brought as a habeas action); Medina v. Williams, 823 F. App'x 674 (10th Cir. 2020) (habeas action was allowable for state prisoner's Eighth Amendment claim that he was entitled to release due to the pandemic but not for his claim that his First Amendment right was violated because he could not get into the law library due to pandemic-based restrictions on inmates); Cheek v. Warden of Federal Medical Center, 2020 WL 6938364 (5th Cir. Nov. 24, 2020) (claim seeking release from FMC to home confinement due to pandemic "was properly brought as an application for a writ of habeas

corpus under Section 2241 because a favorable ruling from the district court would accelerate his release" from confinement). See also Cavalier v. Newsom, 2020 WL 7318118 (S.D. Cal. Dec. 11, 2020) (claim that prisoner must be considered for immediate release due to Covid-19 risk cannot be pursued in § 1983 action).

When a prisoner seeks his release from custody rather than implementation of procedures or safeguards at the prison to ameliorate the allegedly unconstitutional situation -- as for example, when he seeks release because the risk of contracting Covid-19 in the prison is so great that there are no conditions sufficient to eliminate the constitutional violation – he can proceed in a habeas action because the fact that he seeks release puts his petition "at the heart of habeas corpus" under Preiser v. Rodriguez, 411 U.S. 475, 498 (1973). Wilson, 961 F.3d at 837–38. This is the same approach adopted by the Ninth Circuit in Nettles for determining whether the claim belonged in a habeas or a civil rights action. That is, habeas "is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas," i.e., "'if success in [the] action would necessarily demonstrate the invalidity of confinement or its duration.'" Nettles, 830 F.3d at 927 (9th Cir. 2016) (quoting Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005)). If a prisoner instead wants a change in his conditions, e.g., implementation of procedures or safeguards to protect him within the prison, he must pursue his claim in a civil rights complaint.

Here, Plaintiff's claim for relief includes immediate release from custody based on unsafe prison conditions. Therefore, his claim fits within the core of habeas. Although he has not specifically alleged that there is no way for prison officials to remedy the unconstitutional conditions, his entitlement to habeas relief, i.e., release from custody, depends on him making such a showing. Accordingly, this claim will be dismissed without prejudice for Plaintiff to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, to include sufficient allegations to show that release from prison is the only suitable remedy for unconstitutional prison conditions.

///

### 2. Eighth Amendment Claim

Deliberate indifference to a substantial risk of serious harm to a prisoner violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). To establish an Eighth Amendment claim on a condition of confinement, such as a serious medical need or a substantial risk to safety, a prisoner must show: (1) an objectively, sufficiently serious, deprivation, and (2) the official was, subjectively, deliberately indifferent to the inmate's health or safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). These two requirements are known as the objective and subjective prongs of an Eighth Amendment deliberate indifference claim. To satisfy the objective prong, there must be a deprivation, such as a serious medical need or a dangerous condition. For the subjective prong, there must be deliberate indifference. A prison official is deliberately indifferent if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer, 511 U.S. at 837. The official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable measures to abate it. Id.

Plaintiff's allegations regarding the prison and CDCR's actions midst the pandemic which resulted in his exposure to Covid-19, liberally construed, implicate the Eighth Amendment but are insufficient to state such a claim. First of all, Plaintiff fails to allege how Covid-19 presents a high risk to him due to any specific individual risk factors to satisfy the objective prong of an Eighth Amendment violation. Furthermore, the subjective prong of an Eighth Amendment claim has not been pled adequately. Plaintiff only makes general allegations regarding the prison and CDCR's actions with respect to the managing of inmates during the pandemic. He makes no specific allegations describing any

individually named Defendant's actions in this regard.  Furthermore, Plaintiff must allege facts sufficient to show that each named Defendant was subjectively aware that *Plaintiff*, rather than the inmate population at large, was facing an objectively serious and excessive risk to his health and safety and that each Defendant failed to take reasonable steps to abate that risk.

In addition, Plaintiff is advised that he must describe an actual injury to receive damages, not speculative "*future* medical costs," and he should keep the following principles in mind when describing the damages he seeks to recover through this action.  A successful § 1983 plaintiff may recover compensatory and punitive damages according to principles derived from the common law of torts, but the abstract value of the constitutional right may not form the basis for § 1983 damages.  See Memphis Community School Dist. v. Stachura, 477 U.S. 299, 306, 308 (1986).  Compensatory and punitive damages, although usually awarded at the same time by the same decisionmaker, serve different purposes.  State Farm Mut. Auto Ins. Co. v. Campbell, 538 U.S. 408, 416 (2003).  Compensatory damages are intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct.  Id. (emphasis added).  By contrast, punitive damages serve a broader function; they are aimed at deterrence and retribution.  Id.

Although plaintiffs generally may recover damages for pain and suffering and mental and emotional distress that results from constitutional violations, see Carey v. Piphus, 435 U.S. 257, 264 (1978); Borunda v. Richmond, 885 F.2d 1384, 1389 (9th Cir. 1988), the Prisoner Litigation Reform Act (PLRA) provides that prisoners may recover for mental or emotional injuries suffered while incarcerated only if they first show that they suffered a physical injury.  42 U.S.C. § 1997e(e).  Section 1997e(e)'s bar on such suits by prisoners is a permissible restriction on prisoners' ability to recover damages under § 1983 and does not violate equal protection or separation of powers doctrine.  See Zehner v. Trigg, 133 F.3d 459, 461-64 (7th Cir. 1997).

A claim for compensatory damages must be dismissed on summary judgment if the plaintiff fails to produce evidence from which the jury could fairly estimate actual damages. <u>Weinberg v. Whatcom County</u>, 241 F.3d 746, 751 (9th Cir. 2001).

## CONCLUSION

For the reasons set forth above, the Court orders as follows:

1. This action is **DISMISSED IN PART** and **DISMISSED WITH LEAVE TO AMEND IN PART**. Plaintiff's claim for relief through immediate release from custody is DISMISSED without prejudice to filing as a new habeas action. <u>See</u> <u>supra</u> at 4.

2. Plaintiff's Eighth Amendment claim for damages is DISMISSED with leave to amend in accordance with the above discussion. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint. The amended complaint must include the caption and civil case number used in this order, i.e., Case No. C 20-06326 EJD (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the amended complaint supersedes the original complaint, and Plaintiff may not make references to the original complaint. Claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir.1992).

3. **Failure to respond in accordance with this order by filing an amended complaint to correct the deficiencies discussed herein will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's form complaint as well as a copy of the court's form petition with a copy of this order to Plaintiff.

///

///

7

**IT IS SO ORDERED.**

Dated: 2/11/2021

_____
EDWARD J. DAVILA
United States District Judge

Order of Partial Dismissal and with Leave to Amend
PRO-SE\EJD\CR.20\06326Nickerson_dwlta

8