UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL V. NICKERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RON BROOMFIELD, et al.,<br><br>　　　　Defendants. | Case No. 20-06326 EJD (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a California state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against the Warden and CEO of San Quentin State Prison ("SQSP") and the Director of the CDCR, as well as SQSP and the CDCR.[1] Dkt. No. 1. The Court dismissed the complaint with leave to amend for Plaintiff to correct various deficiencies. Dkt. No. 7. Plaintiff has filed an amended complaint. Dkt. No. 9.

**DISCUSSION**

**A.　Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

---

[1] This matter was reassigned to this Court on October 15, 2020, after Plaintiff failed to file consent to magistrate judge jurisdiction in the time provided. See Dkt. Nos. 5, 6.

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.  Plaintiff's Claims**

Plaintiff claims "deliberate indifference to medical needs violated [his] Eighth Amendment rights to be free from cruel and unusual punishment and there's no adequate remedy from Defendant to redress the wrongs." Dkt. No. 9 at 3. Plaintiff claims that the "Warden and Director were aware of the dangers and San Quentin being inadequate to keep inmates safe due to old unventilated buildings, no PPE [personal protective equipment] and room for social distance, and testing protocols in place and overcrowding." Id. Plaintiff claims that he used the appeal process to address his concerns, that "prison officials did not act until inmates started dying," and that his requests for "PPE" and release from prison were denied.[2] Id. at 4. He claims that on May 31, 2020, 121 inmates were transferred from Chino Prison, and that some were known to be positive for COVID by both prisons and medical staff. Id. Plaintiff claims he later tested positive for COVID, after experiencing headache, problems breathing, sleeping, sore joints and swollen legs. Id. He claims he continues to experience various complications post-COVID. Plaintiff

---

[2] With respect to the exhaustion of administrative remedies, Plaintiff indicates that he "did not go to the last levels due to staff not answering appeals in a timely fashion." Dkt. No. 9 at 2.

2

seeks damages. Id. at 3. Liberally construed, the Court finds Plaintiff states an Eighth Amendment deliberate indifference claim against unsafe conditions at SQSP. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. This action shall proceed on the Eighth Amendment claim for deliberate indifference against unsafe conditions at SQSP due to COVID-19.

2. The following defendants at SQSP and the CDCR shall be served:

    a. **Ron Broomfield, Warden of SQSP**

    b. **Jackie Clark, CEO of SQSP**

    c. **Kathleen Allison, Director of the CDCR**

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint, and any attachments thereto, Dkt. No. 9, this order of service, a CDCR Report of E-Service Waiver form and a summons. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for

each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

    a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See*

4

*Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: 8/10/2021

EDWARD J. DAVILA
United States District Judge

Order of Service
PRO-SE\EJD\CR.20\06326Nickerson_svc