1  ROB BONTA
   Attorney General of California
2  JEFFREY T. FISHER
   Supervising Deputy Attorney General
3  ZEWUGEBERHAN DESTA
   Deputy Attorney General
4  State Bar No. 271740
     1515 Clay Street, 20th Floor
5    P.O. Box 70550
     Oakland, CA 94612-0550
6    Telephone: (510) 879-0263
     Fax: (510) 622-2270
7    E-mail: Zewugeberhan.Desta@doj.ca.gov
   *Attorneys for Defendants*
8  *Allison, Broomfield, and Clark*

9

10                    IN THE UNITED STATES DISTRICT COURT

11                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                              SAN JOSE DIVISION

13

| | |
|---|---|
| 14 **MICHAEL V. NICKERSON,** | 5:20-cv-06326-EJD (PR) |
| 15                  Plaintiff, | **DECLARATION OF HOWARD E. MOSELEY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (EXHAUSTION)** |
| 16        v. | |
| 17 **RON BROOMFIELD, et al.,** | |
| 18                  Defendants. | Judge: The Honorable Edward J. Davila<br>Trial Date: Not Set<br>Action Filed: September 9, 2020 |

20

21   I, Howard E. Moseley, make this declaration in support of Defendants' Motion for

22  Summary Judgment. I make the following declaration based upon my own knowledge, as

23  explained below. If called, I can testify competently to the facts contained in this declaration for

24  the reasons discussed below. I declare as follows:

25    1.   I am employed by the California Department of Corrections and Rehabilitation

26  (Department) as the Associate Director of the Office of the Appeals (OOA), formerly named the

27  Inmate Appeals Branch. Under the direction of the Director of the Division of Correctional Policy

28  Research and Internal Oversight, the Associate Director of the OOA administers the offender

1

1  (inmate and parolee) grievance and appeal process for the Department. Before my tenure as the
2  Associate Director of the Office of Appeals, I worked for over four years as the Chief Deputy
3  General Counsel for the Department's Office of Legal Affairs and there became familiar with the
4  offender grievance and appeal process for the Department.

5      2.    Before August 1, 2008, the OOA received, reviewed, and maintained all offender
6  grievances that were appealed to the final level of review (health care related and non-health care
7  related). Since August 1, 2008, the Inmate Correspondence and Appeals Branch (ICAB) receives,
8  reviews, and maintains all final-level appeals related to health care issues (medical, dental, and
9  mental-health), while the OOA receives, reviews, and maintains all final-level appeals for non-
10 health care issues. The OOA review of an appeal concludes the administrative remedy process for
11 an offender.

12     3.    The OOA keeps an electronic record of each offender's appeal. When an appeal is
13 received by the OOA, it is assigned a log number and entered into a computer system. The
14 computer system for tracking appeals commenced in 1993. The following information is kept in
15 the computer system and available in the Appeal History Report: the offender's CDCR number,
16 the offender's name, the appeal log number, the appeal issue, the date the appeal was received,
17 the grievance log number (which includes the acronym of the institution where the underlying
18 grievance arose), the date the appeal is closed, and the final disposition of the appeal.

19     4.    All offender appeals are reviewed and screened out or screened in by the OOA. An
20 appeal is screened out (and not answered substantively) if it does not comply with the regulations
21 governing the appeal process. Instead, the appeal is returned with a letter instructing the offender
22 how to cure the deficiency, if a cure is possible. An appeal is screened in (and answered
23 substantively) if it complies with the governing regulations. The Appeal History Report includes
24 appeals that were screened out or screened in; and if screened out, the report includes the reason
25 for the screen-out.

26     5.    I am familiar with the sections of Title 15 of the California Code of Regulations that
27 governed during the timeframe relevant to Plaintiff's appeal. Before June 1, 2020, a CDCR
28 prisoner was required to follow the procedures set forth in California Code of Regulations, title

2

Decl. of H. Moseley in Supp. of Defs.' Mot. for Summ. J. (5:20-cv-06326-EJD (PR))

1  15, sections 3084-3085. As of June 1, 2020, a prisoner is required to follow the procedures set
2  forth in California Code of Regulations, title 15, sections 3480-3487.

3       6.    I am familiar with the record keeping system at the OOA and have access to
4  Plaintiff's records. At the request of the Attorney General's Office, a search of the OOA
5  computer system was conducted on December 19, 2021, under the name of Michael V.
6  Nickerson, CDCR No. F77522, for all non-health care related appeals received by the OOA. A
7  true and correct copy of the Appeal History Report for grievances filed before June 1, 2020, is
8  attached as **Exhibit A**. A true and correct copy of the Appeal History report for grievances filed
9  on or after June 1, 2020, is attached as **Exhibit B**.

10      7.    A search was conducted of the OOA's records to determine whether any appeals
11 received on or after May 30, 2020, alleged that Defendants violated Plaintiff's Eighth
12 Amendment rights by: (1) improperly transferring COVID-positive inmates from the California
13 Institution for Men (CIM) to San Quentin State Prison in May 2020 or (2) creating unsafe
14 conditions at San Quentin State Prison, including lack of social distancing, protective equipment,
15 testing protocols, or programming.

16      8.    A review of the OOA's records shows that Plaintiff did not submit any appeal
17 alleging that Defendants violated Plaintiff's Eighth Amendment rights by improperly transferring
18 COVID-positive inmates from CIM to San Quentin State Prison or by creating unsafe conditions
19 at San Quentin State Prison.

20      9.    A further review of the OOA's records shows that after May 30, 2020, Plaintiff
21 submitted one appeal which was processed by the OOA. A true and correct copy of Appeal Log
22 No. 55802 is attached as **Exhibit C**.

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

3

10.  A further review of the OOA's records does not show any other appeals filed by Plaintiff between May 30, 2020, and March 12, 2021, which covers the time period from the first alleged civil rights violation in Plaintiff's amended complaint until the date Plaintiff filed the amended complaint.

Under the laws of the United States of America, I declare under penalty of perjury that the foregoing statements are true and correct. Executed on December 27, 2021, at Sacramento, California.

_____
HOWARD E. MOSELEY
Associate Director, Office of Appeals
California Department of Corrections and Rehabilitation

SF2021401876
91436811.docx

4

Decl. of H. Moseley in Supp. of Defs.' Mot. for Summ. J. (5:20-cv-06326-EJD (PR))