# EXHIBIT C


CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

**Offender Name:** NICKERSON, MICHAEL V.    **CDC#:** F77522

**Date:** 11/06/2020

**Current Location:** SQ-Facility A    **Current Area/Bed:** A NB 5066001L

**From:** Office of Grievances at San Quentin State Prison

**Re:** Log # 000000055802

The California Department of Corrections and Rehabilitation Office of Grievances at San Quentin State Prison received your grievance on 11/05/2020. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 01/05/2021.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

Once you receive a response and if you are dissatisfied with the decision(s), you may file an appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

CDCR SOMS OGTT300
CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

APPEAL OF GRIEVANCE
CDCR 602-2 (03/20)

Page 1

**STAFF USE ONLY**

Appeal #: 0000055802
Date Due: _____
Categories: _____
Grievance #: _____

Date Received: 11-23-2020

Claimant Name: MICHAEL NICKERSON          CDCR #: F-77522
Current Housing/Parole Unit: SN-Y6L         Institution/Facility/Parole Region: SAN QUENTIN

☐ There are no claims that can be appealed.

☐ The following claims cannot be appealed:

REC BY OOA
DEC 30 2020

Claim #s:
DUE PROCESS WAS NOT FOLLOWED.

_This is the process to appeal the decision made regarding a claim that is not listed above._

Claim #: _____

Explain the reason for your appeal of any claims not listed above. Be as specific as you can.
I am dissatisfied with the response I was given because I TOLD THE HEARING OFFICER THAT THERE WAS A MEMO ABOUT NO MOVEMENT AND THAT THE GOVERNOR AS WELL AS THE CAPTAIN SAID NO MOVES DUE TO COVID-19 AND HE DIDN'T CARE BECAUSE HE SAID THEY WERE ALSO AFRAID OF CATCHING COVID AND HAD TO BE HER.
    I WOULD LIKE TO HAVE THIS TAKEN OFF MY RECORD

Are there documents that would be helpful to support your position? Attach copies of those documents, if you don't ha[ve] the documents, identify them as best you can below:
YES COPY OF ALL DOCUMENTS REGARDING 115 AND MEMO CREDIT RESTORATION FROM COUNSELOR

DISTRIBUTION    Original: Claimant's File    Copies: DAI, DAPO, and Claimant

TE OF CALIFORNIA  
PEAL OF GRIEVANCE  
CR 602-2 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

aim #:_____

plain the reason for your appeal. Be as specific as you can.

m dissatisfied with the response I was given because_____

_____
_____
_____
_____
_____
_____
_____
_____

there documents that would be helpful to support your position? Attach copies of those documents, if you don't have documents, identify them as best you can below:

_____
_____
_____
_____
_____

minder: Please attach all documents in your possession that support your claim(s).

ase note that this form and supporting documents will not be returned to you.

imant Signature:_____    Date Signed:_____

L TO:  
    Office of Appeals  
    Department of Corrections and Rehabilitation  
    P.O. Box 942883  
    Sacramento, CA 95811


CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# OOG ACKNOWLEDGMENT OF RECEIPT AND CLOSURE OF GRIEVANCE

**Offender Name:** NICKERSON, MICHAEL V.   **CDC#:** F77522

**Date:** 09/21/2020

**Current Location:** SQ-Facility A   **Current Area/Bed:** A NB 5066001L

**From:** Office of Grievances at San Quentin State Prison

**Re:** Log # 000000041626

The California Department of Corrections and Rehabilitation Office of Grievances at San Quentin State Prison received your grievance on 09/18/2020. Your grievance has not been assigned for review and response because your claim(s) is being handled as specified below.

**Claim # 001:**

Your claim concerning Offender Discipline;Serious Rules Violation Report is being rejected by Office of Grievances for the reason(s) indicated below:

Your claim concerns an anticipated policy, decision, action, condition or omission by the Department or departmental staff, generally meaning the action has not happened yet. Once a decision or action has taken place and if you are still dissatisfied, you may file a new grievance.

Pursuant to the California Code of Regulations, Title 15 Section 3084.6(b)(1), your appeal concerns an anticipated action or decisions. Such issues are not appealable until it happen. In your grievance you requested that CDCR 115 (RVR) dated 09/10/2020, Log #7028726, Refusing to Accept Assigned Housing, be dismiss. Upon review of the Disciplinary section in SOMS, it was determined the RVR dated 09/10/2020 has not been adjudicated. You are advise to submit an appeal once the 115 has been heard, approved by the CDO and you being provided your final copy. You have 30 days from date of receipt to file an appeal.

This serves as your response by the Office of Grievances. If you are dissatisfied with this response, you may appeal the rejection decision to CDCR's Office of Appeals.

Do not resubmit this claim to the Office of Grievances at San Quentin State Prison.

CDCR SOMS OGTT300
OOG ACKNOWLEDGMENT OF RECEIPT AND CLOSURE OF GRIEVANCE



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# RULES VIOLATION REPORT

| CDC NUMBER<br>F77522 | INMATE'S NAME<br>NICKERSON, MICHAEL V. | MEPD<br>03/30/2025 | FACILITY<br>SQ-Facility A | HOUSING LOCATION<br>SQ-A - A NB 5 - 066001L |
|---|---|---|---|---|
| VIOLATION DATE<br>09/10/2020 | VIOLATION TIME<br>10:30:00 | VIOLATION LOCATION<br>SQ-Facility A - HOUSING UNIT | | WITH STG NEXUS<br>No |

Did the reporting employee ensure the inmate understands (to the best of his/her ability) the consequences of the continued misconduct? N/A

Did the reporting employee take into consideration the severity of the inmate's disability and the need for adaptive support services when determining the method of discipline? N/A

CIRCUMSTANCES OF VIOLATION

On Thursday, September 10, 2020, at approximately 1030 hours, while performing my duties as the North Block 5th Officer, Position #221215. I informed Inmate Nickerson (5-NB-66L, CDCR: F77522) that he was to gather his belongings and move to Badger section. Inmate Nickerson stated he did not want to move and refused to report to Badger section. I informed inmate Nickerson that if he refused to accept the new housing assignment, that he would be receiving a rules violation report. Inmate Nickerson again stated that he was not going to move. I informed inmate Nickerson that he will be receiving a rules violation report for refusing to accept a new housing assignment.

Officer Lupercio
PERNER# 110714

| REPORTING EMPLOYEE<br>M. Lupercio | TITLE<br>Correctional Officer | ASSIGNMENT<br>221215 | RDO<br>S/SU/H | DATE:<br>09/10/2020 |
|---|---|---|---|---|

RVR LOG NUMBER: 000000007028726                    VIOLATED RULE NUMBER: 3005(c)

SPECIFIC ACT: Refusing to Accept Assigned Housing-Delaying a PO

CLASSIFICATION

LEVEL: Serious                                            OFFENSE DIVISION: Division D

REFERRED TO: Senior Hearing Officer                       FELONY PROSECUTION LIKELY: No

| REVIEWING SUPERVISOR<br>S. Arana | TITLE<br>SERGEANT | DATE<br>09/10/2020 |
|---|---|---|

CDC NUMBER: F77522   NAME: NICKERSON, MICHAEL V.   LOG#: 000000007028726                    Page 1 of 4

| CLASSIFIED BY | TITLE | DATE |
|---|---|---|
| J. Arnold | captain | 09/11/2020 |

CDCR SOMS ISST120 - RULES VIOLATION REPORT


CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# RULES VIOLATION REPORT

| CDC NUMBER<br>F77522 | INMATE'S NAME<br>NICKERSON, MICHAEL V. | MEPD<br>03/30/2025 | FACILITY<br>SQ-Facility A | HOUSING LOCATION<br>SQ-A - A NB 5 - 066001L |
|---|---|---|---|---|
| VIOLATION DATE<br>09/10/2020 | VIOLATION TIME<br>10:30:00 | | VIOLATION LOCATION<br>SQ-Facility A - HOUSING UNIT | |

| INMATE NOTIFICATION | | |
|---|---|---|
| POSTPONEMENT OF DISCIPLINARY HEARING | | |
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE SIGNATURE | DATE |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE SIGNATURE | DATE |
| ☐ I REVOKE my request for postponement. | INMATE SIGNATURE | DATE |
| STAFF ASSISTANT | | |
| ☐ REQUESTED   ☐ WAIVED BY INMATE | INMATE SIGNATURE | DATE |
| INVESTIGATIVE EMPLOYEE | | |
| ☐ REQUESTED   ☐ WAIVED BY INMATE | INMATE SIGNATURE | DATE |


CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# CLAIMANT GRIEVANCE CLAIMS DECISION RESPONSE

**Re:** Grievance Claims Decision Response

**Offender Name:** NICKERSON, MICHAEL VAUGHN  **Date:** 11/21/2020
**CDC#:** F77522
**Current Location:** SQ-Facility A   **Current Area/Bed:** A NB 5 - 066001L

**Log #:** 000000055802

**Claim #:** 001
**Institution/Parole Region of Origin:** San Quentin State Prison   **Facility/Parole District of Origin:** SQ-Facility A
**Housing Area/Parole Unit of Origin:**
**Category:** Offender Discipline   **Sub-Category:** Serious Rules Violation Report

## I. CLAIM

In your appeal, you are contesting RVR 7028726, stating Officer Lupercio advised you about a bed move to Badger Section which you denied to corporate based on "the governor as well as the facility Captain said no movement until pandemic is over unless for medical." Further stating it was an adverse move that was not authorized by a classification action. You state you feel the write up and bed move are retaliation for filing a habeas petition for contracting COVID 19 virus. You are requesting to have the RVR# 7028726 dismissed in the interest of justice and for CDCR to follow the set forth by the Governor regarding bed moves and transfers.

## II. RULES AND REFERENCES

### A. CONTROLLING AUTHORITY

California Code of Regulations (CCR), Title 15Section 3084.1. Right to AppealSection 3005 ConductSection 3312 Disciplinary MethodsSection 3315 Serious Rule ViolationsSection 3320. Hearing Procedures and Time LimitsSection 3323 Disciplinary Credit Forfeiture ScheduleCalifornia Department of Corrections Operational Manuel (DOM) Article 23 Inmate DisciplineArticle 53 Inmate/Parolee Appeals

### B. DOCUMENTS CONSIDERED

The reviewer considered SOMS RVR # 7028726, dated September 10, 2020.

## III. REASONING AND DECISION

DOM Section 54100.20, Appeal of Disciplinary Actions states in part, "Regardless of what issue an appellant may raise concerning his or her RVR, the reviewer shall determine whether all due process and procedural requirements were met." This Grievance is Denied based on the following reasons. The SHO found that there was a preponderance of evidence to find you guilty of "Refusing to Accept Assigned Housing-Delaying a PO". The SOMS Disciplinary Hearing Results and adjudication hearing documents were closely reviewed to include the RVR, the Summary of Disciplinary Procedures, and all due process time constraints. The RVR was classified properly and written correctly. All time constraints were met. Your copy was served within 15 days of the violation. You had 24 hours to prepare for your hearing after receiving all evidence and documents. You were issued all pertinent information and evidence regarding this RVR. The RVR was heard within 30 days of your signing and receiving your hearing documents by an impartial Senior Hearing Officer (SHO). You did not meet the criteria to be assigned a Staff Assistant. You did not meet the criteria to be assigned an Investigative Employee. You did request witnesses during the hearing to which the SHO notates within the RVR. The SHO notates your plea of not guilty and your statement of "because of the Governors Mandates of no inmate Movement" in your defense. You were found guilty for the charge of Refusing to Accept Assigned Housing-Delaying a PO and were given appropriate sanctions. You were informed of your right to appeal and you received the Chief Disciplinary Officer's (CDO) review and your hearing results. Per CCR Title 15 Section 3005 Conduct. Which states "(b) obeying Orders. Inmates and parolees must promptly and courteously obey written and verbal orders and instructions from department staff, and from employees of other agencies with authorized responsibility for the custody and supervision of inmates and parolees. Your Claim this bed move was requested in violation of the classification process is unfounded. The receiving unit is also designated

as a General Population within San Quentin. Your Committee notations within SOMS does not prohibit nor require you to attend Classification Committee in order to be moved within the institution to the same housing requirements notated within committee actions. Your Claim the bed move and Rules Violation Report was in retaliation to filing a petition against CDCR for contracting the COVID-19 virus was unsubstantiated. There is no evidence staff acted outside the scope of their authority to affect a bed move within the institution. Furthermore there is no evidence to support the claim staff targeted you for the bed move. Housing requests directed by Medical and Administration staff is for the safety of the inmates, staff, and institution. The attempt to carry out these requests by Custody staff is in the attempt to mitigate the risks of COVID 19. CDCR understands the risks that the COVID-19 pandemic presents to CDCR inmates, staff, and volunteers. In light of these risks, CDCR has taken steps to mitigate the possibility of exposure. CDCR is doing its best to mitigate all those risks in close collaboration with the medical experts working for the Federal Receiver's Office. Furthermore, CDCR will continue to work with all of its health care partners across the Department, throughout the State, and with the Federal Government to create a safe environment for all in our institutions. Upon review, and as outlined above, there is insufficient evidence that any applicable CDCR policies were not followed, or that any relevant decisions or actions by the department were not proper.

**Decision: Disapproved**

After a thorough review of all documents and evidence presented at the Office of Grievances Level, it is the order of the Office of Grievance to DISAPPROVE the claim.

If you are dissatisfied with the decision of this claim, you may file a 602-2, appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

| Staff Signature | Title | Date/Time |
|---|---|---|
| J. Bishop [BIJA002] | CDW(A) | 11/20/2020 |

STATE OF CALIFORNIA  
**INMATE/PAROLEE APPEAL**  
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION  
Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: 55802 | Category: |

FOR STAFF USE ONLY

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations, Title 15, (CCR) Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.   WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First): NICKERSON MICHAEL   CDC Number: F-77522   Unit/Cell Number: SN-66L   Assignment: PATTEN COLLEGE

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.): CELL MOVES

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): ON 9-10-20 AT APPROXIMATELY 10:30 A.M. I WAS WOKEN BY C/O LUPERCIO AND TOLD I MADE THE LIST, I ASKED WHAT LIST, HE STATED THE ONE TO MOVE

B. Action requested (If you need more space, use Section B of the CDCR 602-A): FOR THIS 115 TO BE DISMISSED IN THE INTEREST OF JUSTICE AND FOR THOSE DOING THE CELL MOVES AND TRANSFERS FOLLOW

INMATE GRIEVANCE OFFICE  
CALIFORNIA STATE PRISON  
SAN QUENTIN, CA 94964  

NOV 0 5 2020

Supporting Documents: Refer to CCR 3084.3.  
☐ Yes, I have attached supporting documents.  
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

☐ No, I have not attached any supporting documents. Reason:

Inmate/Parolee Signature: Michael V. Nthn   Date Submitted: 10-4-20

____ By placing my initials in this box, I waive my right to receive an interview.

C. First Level - Staff Use Only   Staff – Check One: Is CDCR 602-A Attached?   ☐ Yes   ☐ No

This appeal has been:  
☐ Bypassed at the First Level of Review. Go to Section E.  
☐ Rejected (See attached letter for instruction) Date: ___ Date: ___ Date: ___ Date: ___  
☐ Cancelled (See attached letter) Date: ___  
☐ Accepted at the First Level of Review.  
 Assigned to: ___ Title: ___ Date Assigned: ___ Date Due: ___

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: ___   Interview Location: ___

Your appeal issue is: ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: ___  
See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: ___ (Print Name)   Title: ___   Signature: ___   Date completed: ___

Reviewer: ___ (Print Name)   Title: ___   Signature: ___

Date received by AC: ___

AC Use Only  
Date mailed/delivered to appellant ___/___/___

STATE OF CALIFORNIA											DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)													Side 2

D. If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

_____
_____
_____
_____
_____

Inmate/Parolee Signature: _____   Date Submitted: _____

**E. Second Level - Staff Use Only**                     Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes   ☐ No

This appeal has been:
☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _____   Interview Location: _____

Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____

See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: _____ (Print Name)  Title: _____  Signature: _____   Date completed: _____

Reviewer: _____ (Print Name)  Title: _____  Signature: _____

Date received by AC: _____

AC Use Only
Date mailed/delivered to appellant ___/___/___

F. If you are dissatisfied with the Second Level response, explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

_____
_____
_____
_____

Inmate/Parolee Signature: _____   Date Submitted: _____

**G. Third Level - Staff Use Only**

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____
     See attached Third Level response.

Third Level Use Only
Date mailed/delivered to appellant ___/___/___

H. Request to Withdraw Appeal: I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____
_____
_____

Inmate/Parolee Signature: _____   Date: _____

Print Staff Name: _____ Title: _____ Signature: _____   Date: _____

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: 55802 | Category: |
|---|---|---|---|

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.
WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| NICKERSON, MICHAEL | F.72522 | SN-66L | PATTEN COLLEGE |

A. Continuation of CDCR 602, Section A only (Explain your issue): TO BADGER UNIT THE GOVERNOR AS WELL AS THE FACILITY CAPTAIN SAID NO MOVEMENT UNTIL PANDEMIC IS OVER UNLESS FOR MEDICAL AT PRESENT IT IS ALSO AN ADVERSE MOVE THAT WAS NOT DONE BY A CLASSIFICATION ACTION. 3 DAYS AFTER THE MOVES BADGER UNIT WAS ON QUARANTINE FOR COVID AND FURTHERMORE ESCORTS TOLD TO MOVE WERE NOT WRITTEN UP AND SOME WERE TOLD THE MOVES ARE VOLUNTARY TO HELP STOP THE SPREAD I AM SINGLE CELL STATUS NOT FOR MEDICAL ADA OR DISABILITY. I STILL FEEL THE WRITE UP AND MOVE ARE RETALIATION FOR FILING HABEAS PETITION FOR MY CONTRACTING COVID.

INMATE GRIEVANCE OFFICE
CALIFORNIA STATE PRISON
SAN QUENTIN, CA 94964

NOV 0 5 2020

STAFF USE ONLY

Inmate/Parolee Signature: Michael V. Nickerson     Date Submitted: 10-4-20

B. Continuation of CDCR 602, Section B only (Action requested): THE GUIDELINES SET FORTH BY THE GOVERNOR BECAUSE EVERY TIME MASS CELL MOVES AND TRANSFERS OCCUR SO DID THE SPREAD OF COVID-19

Inmate/Parolee Signature: Michael V. Nickerson     Date Submitted: 10-4-20

STATE OF CALIFORNIA  
INMATE/PAROLEE APPEAL FORM ATTACHMENT  
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response): _____

_____

Inmate/Parolee Signature: _____  Date Submitted: _____

F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response): _____

_____

Inmate/Parolee Signature: _____  Date Submitted: _____

STATE OF CALIFORNIA  
INMATE/PAROLEE APPEAL FORM ATTACHMENT  
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

STATE OF CALIFORNIA
CDCR 3022A (REV. 03/14)

ATTACHMENT
DEPARTMENT OF CORRECTIONS AND REHABILIT[ATION]

# DAILY PROGRAM STATUS REPORT PART A – PLAN OF OPERATION / STAFF & INMATE NOTIFICATION

Describe only this reporting period's specific Plan of Operation
Upon completion, distribute to ensure all staff and inmate awareness

| PLAN EFFECTIVE FOR DATE: | INSTITUTION: | PROGRAM STATUS NUMBER: |
|---|---|---|
| October 6, 2020 | CSP- San Quentin | SQ-II-20-015 |

| ☐ NORMAL PROGRAM | ☒ MODIFIED PROGRAM | ☐ LOCKDOWN | ☐ STATE OF EMERGENCY ☐ Approved ☐ Disapproved |
|---|---|---|---|
| ☐ INITIAL | ☒ UPDATE | | ☐ CLOSURE |

RELATED INFORMATION (CHECK ALL THAT APPLY)

| AREA AFFECTED | | INMATES AFFECTED | REASON |
|---|---|---|---|
| ☒ INSTITUTION: | CSP-San Quentin | ☒ ALL | ☐ BATTERY |
| ☒ FACILITY: | A/B | ☐ SECURITY THREAT GROUP(S): | ☐ DEATH |
| ☐ HOUSING UNIT: | | | ☐ RIOT / DISTURBANCE |
| ☐ HOUSING LEVEL: | | | ☐ THREATS |
| ☐ OTHER: | | | ☐ CONTINUING VIOLENCE |
| | | ☐ OTHER | ☒ MEDICAL QUARANTINE Carson |
| | | | ☒ OTHER COVID Precautions (A/B) |

| MOVEMENT | WORKERS | DAYROOM |
|---|---|---|
| ☐ NORMAL | ☐ NORMAL | ☐ NORMAL |
| ☒ ESCORT ALL MOVEMENT | ☒ CRITICAL WORKERS ONLY (Resolved, Negative) | ☐ NO DAYROOM ACTIVITIES |
| ☐ UNCLOTHED BODY SEARCH PRIOR TO ESCORT | ☐ CULINARY | ☒ MODIFIED: DAYROOM FOR S SEG AND IT ENT ONLY |
| ☐ IN RESTRAINTS | ☐ CLERKS | |
| ☐ CONTROLLED MOVEMENT | ☐ VOCATION/EDUCATION | RECREATION |
| ☒ OTHER: Mask Required | ☐ CANTEEN | ☐ NORMAL |
| | ☐ CLOTHING ROOM | ☐ NO RECREATIONAL ACTIVITIES |
| FEEDING | ☐ RESTRICTED WORK PROGRAM | ☒ MODIFIED: Positive, Negative, and resolved only |
| ☐ NORMAL | ☐ PORTERS | |
| ☒ CELL FEEDING-NO DINING HALLS | ☐ NO INMATE WORKERS | CANTEEN |
| ☐ CONTROLLED FEEDING IN DINING ROOM | ☐ OTHER: | ☐ NORMAL |
| ☐ HOUSING UNIT/DORM AT A TIME | SHOWERS | ☐ NO CANTEEN |
| ☐ DORM / POD AT A TIME | ☐ NORMAL | ☒ MODIFIED: Negative and resolved only |
| ☐ TIER AT A TIME | ☐ ESCORTED | PACKAGES |
| ☐ HOUSING UNIT SECTION AT A TIME | ☒ ONE TIER AT A TIME (as noted in remarks) | ☐ NORMAL |
| ☐ SACK MEAL BREAKFAST | ☐ CELL PARTNERS TOGETHER – OWN TIER | ☐ NO PACKAGES |
| ☐ SACK MEAL LUNCH | ☐ DORM SHOWERING BY GROUP | ☒ MODIFIED: Negative and resolved only |
| ☐ SACK MEAL DINNER | ☐ CRITICAL WORKERS (as noted in remarks) | |
| DUCATS | ☐ NO SHOWERS | PHONE CALLS |
| ☐ NORMAL | HEALTH CARE SERVICES | ☐ NORMAL |
| ☒ CLASSIFICATION DUCATS UCC and ICC | ☐ NORMAL PROGRAM | ☐ NO PHONE CALLS |
| ☒ PRIORITY DUCATS ONLY | ☒ PRIORITY DUCATS ONLY | ☒ LEGAL CALLS scheduled though Litigation Coordinator |
| ☐ OTHER: | ☐ CONDUCT ROUNDS IN UNITS | ☒ MODIFIED: with cleaning protocols |
| VISITING | ☒ ESCORTED TO TREATMENT AREA | RELIGIOUS SERVICES |
| ☐ NORMAL VISITING | ☐ EMERGENCY ONLY | ☐ NORMAL |
| ☐ NON-CONTACT ONLY | ☒ MEDICATION DISTRIBUTION | ☒ CHAPLAINS CONDUCT ROUNDS |
| ☒ NO GENERAL VISITING | LAW LIBRARY | ☐ MODIFIED: |
| ☒ NO LEGAL VISITING | ☐ NORMAL | |
| ☐ OTHER: | ☒ PLU  ☐ GLU | |

STATE OF CALIFORNIA
CDCR 3022A (REV. 03/14)

ATTACHMENT A

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**REMARKS:** On Tuesday July 14, at approximately 1000 hours, San Quentin State Prison began program modifications based on the need for medical quarantine/isolation of numerous inmates, to manage exposure to the COVID-19 virus. The current program status is identified in the definitions and updates listed below:

**General COVID Precautions:** All units within the facility are closed to intake. Showers will be limited to cell partners and groups no larger than ten (10) at a time to facilitate social distancing. Phones, including non-confidential legal phone calls, shall continue with cleanings between uses. Arrangements for confidential legal calls (reserved for emergent issues involving important legal rights) shall be coordinated through the Litigation Coordinator's Office. For all out of cell and dorm movement, all inmates shall wear a mask. Medical distribution with the exception of insulin will be at the cell front for GP/RC. Mental health treatment will be accomplished via telehealth or in-person according to patient need. Medical appointments will be reviewed by medial staff and treated based on medical necessity. When going to medical, all inmates shall wear a surgical mask and will be escorted based on their ducat time. Only resolved critical workers (as noted in the critical worker list) assigned to HFM, HFM trained housing unit porters, CTC Kitchen, Canteen, R&R, Kitchen workers, PIA Mattress Factory, and the Shuttle Driver shall be released for work assignments, after being screened by medical staff. Critical workers are assigned daily showers when returning from work assignments. Showers will be followed in this order: will shower first and together. Inmates who have refused testing next, and COVID-19 negative inmates and resolved inmates will shower first and together. Inmates who refuse testing will shower last. Deep cleaning in between shower groups. GP/RC inmates who are categorized as positive and resolved will be allowed to walk to canteen and the package window in groups no larger than 20. (See attached canteen schedule). GP/RC inmates who are categorized as negative and resolved will be allowed to walk to canteen and the package window in groups no larger than 20. (See attached canteen schedule). GP/RC inmates with COVID status as Positive or unknown will continue to have canteen/packages delivered to the cell front.

**Quarantine Precautions:** Quarantine units will follow the general COVID precautions stated above with following exceptions: No inmate workers shall be released to their work assignments. Quarantine units will be kept separate waiting areas away from the rest of the inmate population. Canteen and packages will be delivered to the cell front. Laundry exchange will be done at the cell front.

On Friday, October 2, 2020, Carson is on medical quarantine and will adhere to the quarantine precautions stated above. All other units will remain on general COVID precautions.

**On Monday, October 05, 2020, North Block is removed from medical quarantine. North Block will remain on general COVID precautions.**

| REVIEWED BY: Sgt. R. Gardea | DATE: 10/4/20 | NAME / SIGNATURE (WARDEN) DATE: 10/6/2020 R. BROOMFIELD, Warden (A) | NAME/SIGNATURE (ASSOCIATE DIRECTOR) DATE: (REQUIRED FOR INITIAL, CLOSURE, & STATE OF EMERGENCY) R. DAVIS. Associate Director (A), Reception Center Mission |


CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

12/10/2020

# RELEASE DATE CHANGE NOTICE

| INMATE NAME: | NICKERSON, MICHAEL VAUGHN | CDC #: | F77522 |
|---|---|---|---|
| FACILITY: | SQ-Facility A | HOUSING: | A NB 5 - 066001L |

| ASSIGNED CASE RECORDS ANALYST: L. Duya | REASON FOR RELEASE DATE CHANGE: CDCR Credits Received/Lost changed |
|---|---|
| ASSIGNED CORRECTIONAL COUNSELOR: R. Hammond | |

| CONTROLLING RELEASE DATE | | TYPE OF DATE |
|---|---|---|
| BEFORE: | 05/30/2025 | MEPD |
| AFTER: | 03/30/2025 | MEPD |

### CDCR CREDITS RECEIVED/LOST

| ENTRY DATE | EFFECTIVE DATE | TYPE | WORK GROUP | DURATION (DAYS) | RECD/LOST DAYS | REASON | STATUS | QUALIFIER |
|---|---|---|---|---|---|---|---|---|
| 12/10/2020 | 12/10/2020 | Restoration of Credits | | | 61 | Meets Automatic Criteria | Applied | Log # 000000007028726 |
| 06/17/2020 | 11/30/2010 | Work Group Change (done by Cls.) | A1-Full Time Assignment | 3663 | | Classification Action | Applied | |





MICHAEL NICKERSON F-77522
SAN QUENTIN STATE PRISON 5N-66L
SAN QUENTIN, CA 94974

OFFICE OF APPEALS
DEPARTMENT OF CORRECTIONS & REHABILITATION
P.O. BOX 942883
SACRAMENTO, CA 95811

CONFIDENTIAL LEGAL MAIL