1  ROB BONTA
   Attorney General of California
2  JEFFREY T. FISHER
   Supervising Deputy Attorney General
3  ZEWUGEBERHAN DESTA
   Deputy Attorney General
4  State Bar No. 271740
   1515 Clay Street, 20th Floor
5  P.O. Box 70550
   Oakland, CA  94612-0550
6  Telephone:  (510) 879-0263
   Fax:  (510) 622-2270
7  E-mail:  Zewugeberhan.Desta@doj.ca.gov
   *Attorneys for Defendants*
8  *Allison, Broomfield, and Clark*

9

                    IN THE UNITED STATES DISTRICT COURT
10
                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
11
                            SAN JOSE DIVISION
12

13

14  **MICHAEL V. NICKERSON,**            5:20-cv-06326-EJD (PR)

15                        Plaintiff,     **DECLARATION OF M. BELL IN
                                         SUPPORT OF DEFENDANTS' MOTION
16          v.                           FOR SUMMARY JUDGMENT
                                         (EXHAUSTION)
17
    **RON BROOMFIELD, et al.,**
18                                       Judge:       The Honorable Edward J. Davila
                          Defendants.    Trial Date:  Not Set
19                                       Action Filed:  September 9, 2020

20
        I, M. Bell, declare:
21
        1.     I am employed by the California Department of Corrections and Rehabilitation
22
    (CDCR) as the Grievance Coordinator at San Quentin State Prison in San Quentin, California.
23
        2.     As Grievance Coordinator, my responsibilities include receiving, logging, screening,
24
    routing, and monitoring the disposition of non-healthcare related inmate grievances at San
25
    Quentin.  This includes tracking and maintaining an inmate's administrative grievances and
26
    CDCR's responses to them.  I have knowledge of, and am familiar with, CDCR's policies and
27
    procedures concerning the processing of inmate grievances.  I am competent to testify to the
28

                                            1

1   matters set forth in this declaration and, if called to do so, I would and could so testify. I am not a

2   party to this lawsuit, and I submit this declaration in support of Defendants' motion for summary

3   judgment.

4       3.    As part of my duties, I am required to have working knowledge of CDCR's inmate

5   appeal process and standard practices, along with the governing regulations. I am familiar with

6   the sections of Title 15 of the California Code of Regulations that govern inmate grievances.

7   Title 15 provides procedural requirements that inmates must follow when submitting grievances

8   (also known as CDCR 602 appeals) through the CDCR's administrative grievance process. *See*

9   Cal. Code Regs. tit. 15, §§ 3480-3487 (2020).[1] I am also familiar with the record-keeping system

10  in the San Quentin State Prison Office of Grievances, and I am able to verify the status of an

11  inmate's non-medical institutional-level grievances, and an inmate's grievance history at San

12  Quentin.

13      4.    CDCR provides an administrative grievance process for inmates under its jurisdiction

14  to grieve any departmental policy, decision, action, condition, or omission that an inmate can

15  demonstrate has a material adverse effect upon his or her health, safety, or welfare. Cal. Code

16  Regs. tit. 15, § 3481(a). A grievance that raises a non-medical issue is processed by a grievance

17  coordinator, while a grievance that raises a medical, dental, or mental-health issue is processed by

18  a healthcare appeals coordinator.

19      5.    The appeals process in 2020—the timeframe relevant to Plaintiff Nickerson's

20  complaint—consisted of two levels of review: (1) the institutional level review conducted by the

21  Institutional Office of Grievances (no officer ranking lower than a Chief Deputy Warden); and (2)

22  the director's level review conducted by the Office of Appeals in Sacramento, California (no

23  officer ranking lower than the Associate Director of Appeals). Cal. Code Regs. tit. 15, §§

24  3481(a–b).

25

26      [1] The regulations that set out the features of the administrative remedies process for California prisoners
    underwent a substantial restructuring in 2020. On March 25, 2020, and effective June 1, 2020, California Code of
27  Regulations Title 15, sections 3084 through 3084.9 were repealed and replaced with renumbered and amended
    provisions at sections 3480 through 3487. All the citations in this declaration to California regulations are to the
28  regulations in place in June 2020, the relevant time period for this action.

2

6.    A formal decision by the Office of Appeal exhausts all available administrative remedies.  Cal. Code Regs. tit. 15, §§ 3483(m), 3485.

7.    To initiate the grievance process, an inmate must submit a CDCR 602 Inmate/Parolee Appeal Form to the Office of Grievances within 30 calendar days of the event or decision being appealed.  Cal. Code Regs. tit. 15, § 3482(b)–(d).  The 602 Form is maintained at each housing unit and is readily available to all inmates.  *Id.* at § 3481(f).  An inmate's grievance must specify each claim and the relief requested, and name all involved staff members and describe their alleged conduct.  *Id.* at § 3482(c)(2).

8.    San Quentin's staff is available to assist inmates in obtaining additional copies of forms and documents required to submit an inmate grievance.  The inmate library also offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses.  Additionally, the inmate's assigned Counselor, or the Grievances Coordinator, can answer any question the inmate may have regarding the grievance process.

9.    Upon receiving an inmate grievance, the Office of Grievances screens it to ensure compliance with the applicable rules and regulations.  A grievance that does not comply with the regulations may be rejected.  Cal. Code Regs., tit. 15, § 3487.  When the Office of Grievances rejects a grievance, the inmate may appeal the rejection decision to the Office of Appeals.  *Id.*

10.    All grievances received by San Quentin's Office of Grievances, even those that are rejected, are assigned log numbers, or at least tracked, for record-keeping purposes.  A log number is a multi-digit reference number—*e.g.*, Log # 01234567.

11.    The Office of Grievances provides the grieving inmate a notice of acknowledgement and a written response to the grievance no later than 14 and 60 calendar days, respectively, after receipt of the grievance.  After the Office of Grievances receives, screens, logs, and answers a grievance, it sends a copy of the grievance to case records for placement in the inmate's central file.  Additionally, the Office of Grievances returns the original grievance, along with CDCR's response, to the inmate.  The Office of Grievances follows this procedure at every level of the grievance process.

3

12.    Any grievance regarding non-medical staff misconduct, such as alleged misconduct by custody staff, would be processed through the San Quentin's Office of Grievances.

13.    Before June 1, 2020, CDCR used an Inmate Appeals Tracking System (IATS) to log and track inmate grievances and appeals through all levels of review. It was the practice of the San Quentin Office of Grievances to log and track all received grievances in IATS. These electronic records were kept in the CDCR's regular course of business, and the log information was put into the system at or near the time the grievance was received from the inmate, by persons with personal knowledge of the recorded data. I am the custodian of San Quentin's IATS record-keeping system in San Quentin's Office of Grievances, and I am able to verify the status of an inmate's first- and second-level grievance history for grievances initiated before June 1, 2020. A printout of the IATS information for a particular inmate lists all of the grievances that the inmate has filed at a particular prison.

14.  As of June 1, 2020, CDCR uses an Offender Grievance Tracking System (OGTS) to log and track inmate grievances and appeals. It is the practice of the San Quentin Office of Grievances to log and track all received grievances in OGTS. These electronic records are kept in the CDCR's regular course of business, and the log information is put into the system at or near the time the grievance is received from the inmate, by persons with personal knowledge of the recorded data. I am the custodian of San Quentin's OGTS record-keeping system in San Quentin's Office of Grievances, and I am able to verify the status of an inmate's institutional-level grievance history for grievances initiated on or after June 1, 2020. I am also San Quentin's Grievance Coordinator and I am required to supervise the entry and maintenance of this information into San Quentin's OGTS record-keeping system as official government records, at or near the time I receive information about an inmate's grievance. A printout of the OGTS information for a particular inmate lists all of the grievances that the inmate has filed at a particular prison.

15.    At the request of the Office of the Attorney General, a search of San Quentin's inmate grievance records has been conducted under the name Michael V. Nickerson (F77522), for all non-medical grievances accepted and reviewed by San Quentin's Office of Grievances.

16. Attached as **Exhibit A** is a true and correct copy of the IATS printout showing Nickerson's first- and second-level grievance history for grievances involving San Quentin State Prison initiated before June 1, 2020. The information in this record was entered at or near the time of the recorded events by—or from information transmitted by—someone with knowledge; the records are kept in the course of a regularly conducted activity of CDCR; and making these records is a regular practice of that activity.

17. Attached as **Exhibit B** is a true and correct copy of the OGTS printout showing Nickerson's institutional-level grievance history for grievances involving San Quentin State Prison initiated on or after June 1, 2020. The information in these records was entered at or near the time of the recorded events by—or from information transmitted by—someone with knowledge; the records are kept in the course of a regularly conducted activity of CDCR; and making these records is a regular practice of that activity.

18. Our records at San Quentin reveal that Nickerson initiated five inmate grievances concerning various issues between May 30, 2020 and March 12, 2021, which I am informed covers the time period from the date of the first alleged civil rights violation until the date Nickerson filed his amended complaint. The Attorney General's Office informed me that, in this lawsuit, Nickerson alleges that Defendants violated his Eighth Amendment rights by: (1) transferring COVID-positive inmates from California Institution for Men (CIM) to San Quentin in May 2020; and (2) creating unsafe conditions at San Quentin, including lack of social distancing, protective equipment, testing protocols, and programming. Out of the five inmate grievances that Nickerson submitted, only grievance number 08563 is related to Nickerson's claims in this lawsuit.

19. Nickerson submitted grievance number 08563 for institutional level review on June 25, 2020. In this grievance, Nickerson complained that his health and safety was endangered because of the transfer of inmates from CIM to San Quentin, and also because of lack of social distancing, protective equipment, and lack of programming. He also complained that "the mere fact [he was] being held in a confined space in a national pandemic with communal feeding [was] harm caused by CDCR." Nickerson further complained that inmates who tested positive for

5

1  COVID-19 were sent to administrative segregation for more isolation rather than helping them or

2  sending them to the hospital. For relief, Nickerson requested "to be given adequate protective

3  gear . . ., some form of outside recreation, a reduction of the population to adequately social

4  distance, a better way of handling those who test positive, or have high temperature, and a release

5  from the prison industrial complex." On June 25, 2020, Office of Grievances at San Quentin sent

6  Nickerson a letter acknowledging receipt of his grievance. In the letter, Nickerson was advised

7  that the Office of Grievances will complete its review of the grievance no later than August 25,

8  2020. On August 20, 2020, the Office of Grievances at San Quentin disapproved the grievance.

9  On August 21, 2020, the Office of Grievances' decision was sent to Nickerson, and Nickerson

10  was advised that he may appeal the decision to the Office of Appeals, if dissatisfied. A true and

11  correct copy of grievance number 08563, and the related Office of Grievances decision, are

12  attached as **Exhibit C**.

13      20.    Nickerson submitted grievance number 041626 for institutional level review on

14  September 18, 2020. In this grievance, Nickerson complained about a cell move and a resulting

15  rules violation report. The grievance was rejected at the institution level because it concerns an

16  anticipated future policy, decision, or action. This grievance is not related to Nickerson's

17  allegations in this lawsuit. A true and correct copy of grievance number 08563, and the related

18  Office of Grievances decision, are attached as **Exhibit D**.

19      21.    Nickerson submitted grievance number 055802 for institutional level review on

20  November 5, 2020. In this grievance, Nickerson complained that his due-process right was

21  violated when he was issued a rules violation report for refusing to accept assigned housing and

22  delaying a peace officer. Nickerson stated that the proposed move was in violation of the prison's

23  and Governor's COVID restrictions on movement. Nickerson also complained that the move was

24  for retaliatory reasons because he filed a habeas petition for contracting COVID. On November

25  21, 2020, the Office of Grievances at San Quentin disapproved the grievance. This grievance is

26  not related to Nickerson's allegations in this lawsuit. A true and correct copy of grievance

27  number 055802, and the related Office of Grievances decision, are attached as **Exhibit E**.

28

22.    Nickerson submitted grievance number 099387 for institutional level review on March 16, 2021. In this grievance, Nickerson complained that CDCR improperly deducted portions of his stimulus payment. On May 11, 2021, the Office of Grievances at San Quentin disapproved the grievance. This grievance is not related to Nickerson's allegations in this lawsuit. A true and correct copy of grievance number 099387, and the related Office of Grievances decision, are attached as **Exhibit F**.

23.    Nickerson's grievance number 0111280 is related to his grievance number 055802. In this grievance, the Office of Grievances at San Quentin addressed Nickerson's retaliation claim from grievance number 055802 (which was not adequately address by the Office of Grievances in its previous response). On June 5, 2021, the Office of Grievances disapproved Nickerson's retaliation claim. This grievance is not related to Nickerson's allegations in this lawsuit. A true and correct copy of the Office of Grievances decision is attached as **Exhibit G**.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on December 28th, 2021, at San Quentin, California.


M. Bell
Grievance Coordinator
San Quentin State Prison


SF2021401876
91436811.docx

7