1  ROB BONTA
   Attorney General of California
2  JEFFREY T. FISHER
   Supervising Deputy Attorney General
3  ZEWUGEBERHAN DESTA
   Deputy Attorney General
4  State Bar No. 271740
     1515 Clay Street, 20th Floor
5    P.O. Box 70550
     Oakland, CA  94612-0550
6    Telephone:  (510) 879-0263
     Fax:  (510) 622-2270
7    E-mail:  Zewugeberhan.Desta@doj.ca.gov
   *Attorneys for Defendants*
8  *Allison, Broomfield, and Clark*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **MICHAEL V. NICKERSON,** <br><br> Plaintiff, <br><br> v. <br><br> **RON BROOMFIELD, et al.,** <br><br> Defendants. | No. 5:20-cv-06326-EJD (PR) <br><br> **DEFENDANTS'** *RAND* **WARNING TO PLAINTIFF REGARDING OPPOSING SUMMARY JUDGMENT** <br><br> Judge:           The Honorable Edward J. Davila <br> Trial Date:    Not Set <br> Action Filed:  September 9, 2020 |

TO PLAINTIFF MICHAEL V. NICKERSON, PRO SE:

You are advised to read the following warning, which is a verbatim copy of the model warning from *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc):

**RAND WARNING**

Defendants have moved for summary judgment by which they seek to have your case against them dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case against defendants.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—

1

Defs.' *Rand* Warnings to Pl. Re: Opposing Summ. J. (5:20-cv-06326-EJD (PR))

that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule [56(c)],[1] that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NORTHERN DISTRICT OF CALIFORNIA LOCAL RULE REQUIREMENTS**

Aside from the *Rand* warning, Plaintiff is advised to review the applicable local rules concerning opposing summary judgment. In particular, Local Rule 7-3(a) instructs you to assert any evidentiary and procedural objections to Defendants' motion in your opposition brief or memorandum, not to exceed twenty-five pages. Once Defendants file the reply, no additional memoranda, papers, or letters may be filed without prior court approval. L.R. 7-3(d)(1). Where Defendants submit new evidence in their reply, you may file and serve an Objection to Reply Evidence within ten days from the date Defendants served the reply by mail. *See id.* (extending the seven-day deadline by three days in certain circumstances). Your Objection may not exceed five pages of text, nor include further argument on the summary-judgment motion. *Id*.

When opposing summary judgment, Local Rule 7-5(a) requires that factual contentions be supported by an affidavit or declaration and by appropriate references to the record. Extracts from depositions, interrogatory answers, requests for admissions, and other evidentiary matters must be appropriately authenticated by an affidavit or declaration. An affidavit or declaration may contain only facts, must conform as much as possible to the requirements of Federal Rule of Civil Procedure 56(c), and must avoid conclusions and argument. L.R. 7-5(b). Any statement

---

[1] The substance of Rule 56(e) from the 1998 version, when *Rand* was decided, has been reorganized and renumbered with the current version of Rule 56(c).

2

Defs.' *Rand* Warnings to Pl. Re: Opposing Summ. J. (5:20-cv-06326-EJD (PR))

1 made upon information or belief must specify the basis for that information or belief. *Id*. Local

2 Rule 7-5(b) warns that an affidavit or declaration not in compliance with this rule may be stricken

3 in whole or in part.

5 Dated: January 5, 2022                                             Respectfully Submitted,

6                                                                                     ROB BONTA
                                                                                       Attorney General of California
7                                                                                     JEFFREY T. FISHER
                                                                                       Supervising Deputy Attorney General

9                                                                                     */s/ Zewugeberhan Desta*
                                                                                       ZEWUGEBERHAN DESTA
10                                                                                   Deputy Attorney General
                                                                                       *Attorneys for Defendants*

13 SF2021401876
   91453957.docx

3

Defs.' *Rand* Warnings to Pl. Re: Opposing Summ. J. (5:20-cv-06326-EJD (PR))