UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE CIM-SQ TRANSFER CASES<br><br>This Document Relates To:<br><br>24-cv-02695-EJD; *Hunter v. Diaz* | Case No. 5:20-cv-06326-EJD<br><br>**ORDER OF SERVICE; GRANTING MOTION FOR SCREENING; GRANTING MOTION TO AMEND; DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

**INTRODUCTION**

Plaintiff, a California prisoner, filed a pro se civil rights action in state court. Plaintiff alleged that defendants violated his rights under the Eighth Amendment and state law by transferring over 100 inmates, some of whom were infected with COVID-19, from the California Institution for Men (CIM) to San Quentin State Prison (SQSP)[1] in May 2020. Dkt. No. 1 at 30. Defendants removed this action from state court and paid the filing fee. Dkt. No. 1. The case is now before the Court for screening pursuant to 28 U.S.C. § 1915A(a), and service of the complaint on defendants is ordered. Defendants' request for screening of plaintiff's complaint is GRANTED. Dkt. No. 4.

This case has been consolidated with cases in this district related to the 2020 prisoner transfer and related to the first case filed, No. 5:20-cv-06326-EJD, which now has the caption "In Re CIM-SQ Transfer Cases." Pro se prisoner cases that are part of the consolidated matter are

---

[1] SQSP is now called the San Quentin Rehabilitation Center. The former name is used in this Order for clarity.

stayed except for the purposes of service. Service shall therefore proceed in plaintiff's case as ordered below, but the case will remain stayed for all other purposes. The docket for Case No. 24-cv-02695-EJD and all other individual dockets have been closed. If plaintiff wishes to file any motions, he must file them in Case No. 5:20-cv-06326-EJD and include his original case number, No. 24-cv-02695-EJD, on the left side of the heading.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

If a court dismisses a complaint for failure to state a claim, it should "freely give

leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). A court has discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

## LEGAL CLAIMS

Plaintiff names the following defendants:

1. The State of California
2. CDCR
3. California Correctional Health Care Services
4. CDCR Secretary Ralph Diaz
5. CDCR Medical Director R. Steven Tharratt
6. San Quentin Warden Ron Davis
7. San Quentin Healthcare Chief Executive/ Medical Director Clarence Cryer
8. San Quentin Chief Medical Executive Dr. Alison Pachynski
9. San Quentin Chief Physician and Surgeon, Dr. Shannon Garrigan
10. Kathleen Allison, Acting Director of CDCR
11. Ronald Broomfield, Acting Warden of SQSP
12. J. Arnold, Captain at SQSP
13. Dean Borders, CIM Warden
14. Dr. Joseph Bink, CCHCS Director

Dkt. No. 1 at 31, 35. These individuals comprise some of the directors, executives, employees, and agents, including but not limited to San Quentin and CIM personnel and agents, who authorized, planned, approved, and executed (1) the transfer of prisoners, (2) the preparation, manner, and procedures used for the transfer, (3) the response to the COVID-19 outbreak at San Quentin, (4) the response or lack thereof to the serious medical needs of prisoners and staff at San Quentin due to the outbreak, (5) any plan or response to screen and test prisons and staff for COVID-19, (6) provision for the care, safety, treatment, medical needs, and rights of San Quentin

3

staff and prisoners, (7) all decisions regarding how or whether to address issues concerning staff and prisoners' rights, and (8) all decisions to require or permit claimant to live and work in unreasonably dangerous conditions. *Id.*

Plaintiff seeks to sue all of the above individuals, including but not limited to the ones he identifies by name, as well as "CIM Medical Directors/ Executives" and "all individuals mentioned in the OIG Reports with responsibility for the transfer of prisoners to San Quentin and handling of the COVID-19 outbreak at San Quentin." He also refers to "administrative and supervisory personnel connected with CDCR, CCHCS, San Quentin, CIM and the State of California whose identities and titles currently are unknown to Claimant and whose decisions and/or conduct may have harmed claimant." *Id.*

Plaintiff alleges defendants violated his Eighth Amendment rights by transferring 122 prisoners from CIM to SQSP in May 2020 without adequate procedures and medical protocols regarding possible COVID transmission. Dkt. No. 1 at 30. Plaintiff, as an Inmate Day Labor worker, was exposed to COVID. *Id.* at 31.

Plaintiff's motion to amend his complaint (Dkt. No. 12 in 24-cv-02695 and Dkt. No. 81 in 20-cv-06326-EJD) is GRANTED to include his seeking compensatory and punitive damages.

Liberally construed, plaintiff's allegations state a plausible claim for deliberate indifference to plaintiff's safety, in violation of the Eighth Amendment, against the named defendants in their individual capacities. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff also alleges plausible state law general negligence and intentional tort claims. Under California law, "there is no independent tort of negligent infliction of emotional distress." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984 (1993). The tort is negligence. *Id.* A negligent infliction of emotional distress claim is only available where the "defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object," and "recovery is available only if the emotional distress arises the defendant's breach of some other legal duty and the emotional distress is proximately caused by that breach of duty." *Id.* at 985. Here, defendants have a duty to plaintiff as a prisoner under state tort law. California "[c]ase law holds that 'there is a special relationship between jailer and prisoner, imposing on the former a duty of care to the

4

1   latter'." *Lawson v. Superior Ct.*, 180 Cal. App. 4th 1372, 1389–90 (2010) (quoting *Giraldo v.*
2   *Department of Corrections & Rehabilitation*, 168 Cal. App. 4th 231, 250 (2008)).  Plaintiff alleges
3   that the emotional distress arose out of defendants' breach of their duty to him by exposing him to
4   COVID-19.

5   But plaintiff's claims cannot proceed against the State of California, CDCR, or CCHCS
6   because they are barred by the Eleventh Amendment.  The Eleventh Amendment bars a person
7   from suing a state in federal court without the state's consent.  *See Pennhurst State Sch. & Hosp.*
8   *v. Halderman*, 465 U.S. 89, 98-100 (1984).  This prohibition extends to state agencies like CDCR
9   and CCHCS.  *See Aranda v. Martel*, 416 F. App'x 651 (9th Cir. 2011) ("The [CDCR], as a state
10  agency, is immune from suit under the Eleventh Amendment").  Further, state agencies including
11  CDCR are not "persons" within the meaning of, and cannot be liable under, section 1983.  *Howlett*
12  *By & Through Howlett v. Rose*, 496 U.S. 356, 365(1990).

13  Nor can his claims proceed against Steven Tharratt.  The Court understands, as the
14  Attorney General has represented to another court in this district, that "[t]o the best of [the
15  Attorney General's] knowledge, [Dr.] Tharratt died on August 20, 2020."  *See* Case No. 3:20-cv-
16  07845-CRB, Dkt. Nos. 37, 37-1.  The Court takes judicial notice pursuant to Federal Rule of
17  Evidence 201 of the filing in that case, which attaches Dr. Tharratt's obituary published on the
18  California Department of Corrections and Rehabilitation website on October 6, 2020, *available at*
19  https://www.cdcr.ca.gov/insidecdcr/2020/10/06/dr-robert-tharratt-longtime-cchcs-medical-
20  director-passes-away/.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th
21  Cir. 2006) (federal courts "may take judicial notice of court filings and other matters of public
22  record"); *Bullock v. Johnson*, No. CV 15-2070 PA (AS), 2018 WL 5880736, at *13 n.19 (C.D.
23  Cal. Aug. 10, 2018), report and recommendation adopted, No. CV 15-2070 PA (AS), 2018 WL
24  4791089 (C.D. Cal. Oct. 3, 2018) (taking judicial notice of CDCR obituary).

25  Dr. Tharratt's death therefore preceded the filing of this action.  *See* Dkt. No. 1.  "[A] party
26  cannot maintain a suit on behalf of, or against, or join, a dead person, or in any other way make a
27  dead person (in that person's own right, and not through a properly represented estate or
28  successor) party to a federal lawsuit."  *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d

943, 955 (9th Cir. 2020). Defendant Tharratt was therefore not an appropriately named Defendant at the onset of this litigation and will be dismissed.

Nor can plaintiff's claims proceed against the overinclusive variety of unnamed individuals whom plaintiff refers to. Plaintiff may later move to amend his complaint to name additional defendants.

### MOTION TO APPOINT COUNSEL

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Id.* (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman*, 390 F.3d at 1103. Both factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.*

Plaintiff may be likely to succeed on the merits of some of his claims, but he is able to articulate his claims adequately at the present stage of the case, and his case is currently stayed for all purposes except service. His motion is denied without prejudice to the Court's later sua sponte appointment of counsel, should the Court determine the exceptional circumstances are present to warrant it.

### CONCLUSION

1. Defendants' request for screening of the complaint is granted.
2. Defendants CDCR, SQSP, and CCHCS are dismissed.
3. Defendant Tharratt is dismissed.
4. Plaintiff's motion to amend the complaint is granted.
5. Plaintiff's motion for appointment of counsel is denied.
6. The Court orders that service on the following defendants shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil

rights cases from prisoners in the CDCR's custody:

1. CDCR Secretary Ralph Diaz
2. San Quentin Warden Ron Davis
3. San Quentin Healthcare Chief Executive/ Medical Director Clarence Cryer
4. San Quentin Chief Medical Executive Dr. Alison Pachynski
5. San Quentin Chief Physician and Surgeon, Dr. Shannon Garrigan
6. Kathleen Allison, Acting Director of CDCR
7. Ronald Broomfield, Acting Warden of SQSP
8. J. Arnold, Captain at SQSP
9. Dean Borders, CIM Warden
10. Dr. Joseph Bink, CCHCS Director

In accordance with the program, the clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 1), this Order of Service, a CDCR Report of E-Service Waiver form, and a summons. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the USMS and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The clerk shall provide to the USMS the completed USM-285 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

7. All defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver form.

8. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once defendants are represented by counsel, all documents must be mailed to counsel rather than directly to defendants.

9. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

10. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

11. The case will remain stayed for all purposes other than service of the complaint on defendants.

12. This Order terminates Docket No. 81.

**IT IS SO ORDERED.**

Dated: December 20, 2024

_____
EDWARD J. DAVILA
United States District Judge