1

2

3

4                      UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6                           SAN JOSE DIVISION

7

8    IN RE CIM-SQ TRANSFER CASES              Case No. 5:20-cv-06326-EJD

9
     This Document Relates To:
10                                            **ORDER OF SERVICE**
     23-cv-04795; *Odell v. Bloomfield et al.*

11

12

13

14                            **INTRODUCTION**

15          Plaintiff, a California prisoner proceeding *pro se*, filed this civil rights case under 42

16   U.S.C. § 1983 alleging that 12 Defendant California Department of Corrections and Rehabilitation

17   (CDCR) officials were responsible for his contracting COVID-19 in July 2020, and that Defendant

18   Dr. Xu/Tzue, his primary care provider, was deliberately indifferent to his need for medical care

19   for post-covid syndrome.  Plaintiff has been granted leave to proceed *in forma pauperis*.  Dkt. No.

20   10.  The Court dismissed Plaintiff's complaint with leave to amend on January 8, 2024, finding

21   that Plaintiff had presented a cognizable claim against Dr. Xu/Tzue for deliberate indifference to

22   his medical needs in the treatment of plaintiff's COVID-19 and other medical issues, but directing

23   Plaintiff to present allegations against the other 12 Defendants who he had named.  Dkt. No. 9.

24   Plaintiff filed an amended complaint with allegations about the other 12 Defendants but not

25   including the allegations against Dr. Xu/Tzue.  Dkt. No. 13.  The Court construes the amended

26   complaint as a supplement to the original complaint, and will review both together for screening

27   pursuant to 28 U.S.C. § 1915A.  For the reasons discussed below, the complaint is ordered served

28   on additional Defendants.

United States District Court
Northern District of California

1    This case has been consolidated with cases in this district related to the 2020 prisoner

2    transfer and related to the first case filed, No. 5:20-cv-06326-EJD, which now has the caption "In

3    Re CIM-SQ Transfer Cases."  Pro se prisoner cases that are part of the consolidated matter are

4    stayed except for the purposes of service.  Service shall therefore proceed in Mr. Odell's case as

5    ordered below, but the case will remain stayed for all other purposes.  The docket for Case No. 23-

6    cv-04795 and all other individual dockets have been closed.  If Mr. Odell wishes to file any

7    motions, he must file them in Case No. 5:20-cv-06326-EJD and include his original case number,

8    No. 23-cv-04795, on the left side of the heading.

9                                      **DISCUSSION**

10   **A.      Standard of Review**

11   A federal court must conduct a preliminary screening in any case in which a prisoner seeks

12   redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C.

13   § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims

14   that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

15   monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),

16   (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d

17   989, 993 (9th Cir. 2020).

18   Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

19   claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not

20   necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

21   grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

22   While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

23   the-defendant-unlawfully-harmed-me accusation.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

24   A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

25   cause of action, or naked assertions devoid of further factual enhancement does not suffice.  *Id.*

26   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

27   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

28   the alleged violation was committed by a person acting under the color of state law.  *See West v.*

2

United States District Court
Northern District of California

1  *Atkins*, 487 U.S. 42, 48 (1988).

2  **B.    Legal Claims**

3  Plaintiff's original complaint alleges that on July 7, 2020, he was diagnosed with COVID-

4  19 at San Quentin State Prison (now called San Quentin Rehabilitation Center or SQRC).  He

5  suffered severe symptoms and passed out while taking a shower.  Plaintiff was taken to the

6  hospital where a doctor said that he had suffered a seizure, fractured ribs, nerve damage to his

7  hand, arm and shoulder.  Doctors also found that Plaintiff had a heart condition and prediabetes

8  and advised him to see a neurologist and cardiologist.  Plaintiff was released back to the prison but

9  was suffering from his heart condition, nerve damage to his hand, arm and shoulder, dizziness,

10  headaches, joint pain and other issues.  Plaintiff states that defendant Dr. Bing Xu/Tzue only gave

11  plaintiff aspirin because the COVID-19 was resolved.  Plaintiff's condition continued to worsen

12  but Dr. Xu/Tzue did not provide effective medication.  Plaintiff was taken back to the hospital

13  where a lesion was found on his brain.  Two years later plaintiff was diagnosed with post COVID-

14  19 syndrome.  Liberally construed, Plaintiff presents a cognizable claim against Dr. Tzue for

15  deliberate indifference to his medical needs in the treatment of plaintiff's COVID-19 and other

16  medical issues.

17  Plaintiff's supplemental complaint alleges that the 12 Defendant CDCR officials violated

18  his rights under the Eighth Amendment by being involved in some way in the transfer of over 100

19  inmates, some of whom were infected with COVID-19, from the California Institution for Men

20  (CIM) to SQRC in May 2020, causing an outbreak during which Plaintiff became infected.

21  Plaintiff alleges that Defendants Ron Davis, Ron Bloomfield, Ralph Diaz, Kathleen Allison, the

22  Estate of Dr. R. Steven Tharratt, Dr. Joseph Bick, Dr. L. Escobell, and Dean Borders approved of

23  the transfer despite knowledge of its risks; and Defendants Dr. Pachynski, Clarence Cryer, and Dr.

24  Shannon Garrigan failed to implement emergency health orders at SQRC.  Liberally construed,

25  Plaintiff states a cognizable claim against these defendants for deliberate indifference to his safety.

26  Plaintiff also alleges that Defendant Clark Kelso, the federal medical receiver, approved of

27  the transfer, but Dr. Kelso has quasi-judicial immunity and will therefore be dismissed.  *See*

28  *Harris v. Allison*, No. 20-CV-09393-CRB, 2022 WL 2232526, at \*1 (N.D. Cal. June 7, 2022)

1   (dismissing Kelso from a case raising materially similar allegations as those made here); *In re*

2   *CIM-SQ Transfer Cases*, No. 22-mc-80066-WHO at Dkt. No. 63 (N.D. Cal. July 21, 2022)

3   (same); *Patterson v. Kelso*, 698 F. App'x 393, 394 (9th Cir. 2017) ("Kelso is entitled to quasi-

4   judicial immunity" with respect to negligence claim).

5   　　　Plaintiff seeks declaratory relief, injunctive relief "ordering CDCR-San Quentin whatever

6   modifications [the Court] deems prudent as well as attend to all of plaintiff's present and future

7   medical needs/ailments," compensatory and punitive damages, and costs.  Dkt. No. 11 at 8, Dkt.

8   No. 13 at 8.

9   　　　　　　　　　　　　　　　　　**CONCLUSION**

10  　　　For the reasons set out above,

11  　　　1.　　　The Court dismisses Defendant Kelso.

12  　　　2.　　　The Court orders that service on the following Defendants shall proceed under the

13  California Department of Corrections and Rehabilitation ("CDCR") e-service program for civil

14  rights cases from prisoners in the CDCR's custody:

15  　　　　　　　　a.　Dr. Xu/Tzue

16  　　　　　　　　b.　Ron Davis

17  　　　　　　　　c.　Ron Bloomfield

18  　　　　　　　　d.　Ralph Diaz

19  　　　　　　　　e.　Kathleen Allison

20  　　　　　　　　f.　The Estate of Dr. R. Steven Tharratt

21  　　　　　　　　g.　Joseph Bick

22  　　　　　　　　h.　Dr. L. Escobell

23  　　　　　　　　i.　Dean Borders

24  　　　　　　　　j.　Dr. Pachynski

25  　　　　　　　　k.　Clarence Cryer

26  　　　　　　　　l.　Dr. Shannon Garrigan

27  　　　In accordance with the program, the Clerk of the Court is directed to serve on the CDCR

28  via email the following documents: the operative complaint and supplemental complaint (Dkt.

1    Nos. 11, 13), this order, a CDCR Report of E-Service Waiver form, and a summons.  The Clerk

2    also shall serve a copy of this order on Plaintiff.

3         No later than 40 days after service of this order via email on the CDCR, the CDCR shall

4    provide the court a completed CDCR Report of E-Service Waiver advising the court which

5    Defendant(s) listed in this order will be waiving service of process without the need for service by

6    the United States Marshal Service ("USMS") and which Defendant(s) decline to waive service or

7    could not be reached.  The CDCR also shall provide a copy of the CDCR Report of E-Service

8    Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court

9    a waiver of service of process for the defendant(s) who are waiving service.

10        Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each

11   Defendant who has not waived service according to the CDCR Report of E-Service Waiver a

12   USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies

13   of this order, the summons and the operative complaint for service upon each Defendant who has

14   not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-

15   Service Waiver.

16        3.    All Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

17   requires them to cooperate in saving unnecessary costs of service of the summons and complaint.

18   Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on

19   behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the

20   cost of such service unless good cause can be shown for their failure to sign and return the waiver

21   form.

22        4.    All communications by Plaintiff with the Court must be served on Defendants'

23   counsel by mailing a true copy of the document to Defendants' counsel.  The Court may disregard

24   any document which a party files but fails to send a copy of to his opponent.  Until Defendants'

25   counsel has been designated, Plaintiff may mail a true copy of the document directly to

26   Defendants, but once Defendants are represented by counsel, all documents must be mailed to

27   counsel rather than directly to Defendants.

28        5.    Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the

United States District Court
Northern District of California

5

1    Court informed of any change of address and must comply with the Court's orders in a timely

2    fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

3    to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every

4    pending case every time he is moved to a new facility.

5          6.    Any motion for an extension of time must be filed no later than the deadline sought

6    to be extended and must be accompanied by a showing of good cause.  Plaintiff is cautioned that

7    he must include the case name and case number for this case on any document he submits to the

8    Court for consideration in this case.

9          7.    The case will remain stayed for all purposes other than service of the complaint on

10   defendants.

11   **IT IS SO ORDERED.**

12   Dated:  March 7, 2025

13

14   EDWARD J. DAVILA
     United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6