UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE CIM-SQ TRANSFER CASES<br><br>This Document Relates To:<br><br>24-cv-02417-EJD; *Kramer v. Broomfield* | Case No. 5:20-cv-06326-EJD<br><br>**ORDER OF SERVICE** |

## INTRODUCTION

Plaintiff, a California prisoner, filed a pro se civil rights complaint alleging that defendants violated his rights under the Eighth Amendment and the California constitution by transferring over 100 inmates, some of whom were infected with COVID-19, from the California Institution for Men (CIM) to San Quentin State Prison (SQSP)[1] in May 2020. Dkt. No. 1 at 6. The case is now before the Court for screening pursuant to 28 U.S.C. § 1915A(a), and service of the complaint on defendants is ordered. Plaintiff will be granted leave to proceed in forma pauperis by separate order.

This case has been consolidated with cases in this district related to the 2020 prisoner transfer and related to the first case filed, No. 5:20-cv-06326-EJD, which now has the caption "In Re CIM-SQ Transfer Cases." Pro se prisoner cases that are part of the consolidated matter are stayed except for the purposes of service. Service shall therefore proceed in plaintiff's case as

---

[1] SQSP is now called the San Quentin Rehabilitation Center. The former name is used in this Order for clarity.

ordered below, but the case will remain stayed for all other purposes. The docket for Case No. 24-cv-02417 and all other individual dockets have been closed. If plaintiff wishes to file any motions, he must file them in Case No. 5:20-cv-06326-EJD and include his original case number, No. 24-cv-02417, on the left side of the heading.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). A court has discretion to

deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

## LEGAL CLAIMS

Plaintiff names the following defendants:

1. Ronald Broomfield, Acting Warden of SQSP
2. CDCR Secretary Ralph Diaz
3. J. Clark Kelso, Federal Receiver
4. Gavin Newsom, Governor
5. Clarence Cryer, CEO (medical) at SQSP
6. San Quentin Chief Medical Executive Dr. Alison Pachynski
7. San Quentin Chief Physician and Surgeon, Dr. Shannon Garrigan
8. Kathleen Allison, Director of CDCR
9. Dr. Joseph Bink, CCHCS Director
10. Dean Borders, CIM Warden
11. CDCR Medical Director R. Steven Tharratt
12. Louie Escobell, Health Care Chief Executive Officer at CIM

Dkt. No. 1 at 2-3. Plaintiff alleges that CIM was one of the first California prisons to experience a COVID outbreak. Dkt. No. 1 at 6. Defendants were involved in transferring individuals from CIM to SQSP in May 2020. *Id.* The transfer was rushed, the prisoners were not adequately tested, and the arriving prisoners were not quarantined at SQSP despite showing symptoms of COVID. *Id.* at 6-7, 12. Prisoners were not adequately spaced out on the busses. *Id.* at 12. The virus began coursing its way through the prison.

Plaintiff and his cellmate were tested on June 23, 2020; plaintiff's results were negative while his cellmate's were positive. Dkt. No. 1 at 8. Plaintiff requested a cell move from both custody and medical staff, but was denied. *Id.* He continued to test negative for COVID on July 6, but experienced "a noticeable change in his stomach" that he believes might have been COVID.

3

*Id.* He does not know, because San Quentin healthcare refused to conduct blood tests to verify if he had contracted COVID. *Id.*

Plaintiff seeks compensatory and punitive damages. *Id.* at 16.

Liberally construed, plaintiff's allegations state a plausible claim for deliberate indifference to plaintiff's safety, in violation of the Eighth Amendment, against the majority of the named defendants in their individual capacities. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff's claims cannot proceed against the governor. While the allegations state plausible claims against the majority of the named defendants based on their described positions within CDCR or at specific prisons, the complaint does not state a plausible claim against Governor Newsom because he is not a CDCR official who would plausibly have been involved in the decisions surrounding the transfer. Liability may be imposed on an individual defendant under § 1983 only if plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633. Plaintiff's claim against Governor Newsom will therefore be dismissed without prejudice.

Nor can his claims proceed against defendant Kelso. The Court dismisses defendant Kelso on the basis of his quasi-judicial immunity. *See Harris v. Allison*, No. 20-CV-09393-CRB, 2022 WL 2232526, at *1 (N.D. Cal. June 7, 2022) (dismissing Kelso from a case raising materially similar allegations as those made here); *In re CIM-SQ Transfer Cases*, No. 22-mc-80066-WHO at Dkt. No. 63 (N.D. Cal. July 21, 2022) (same); *Patterson v. Kelso*, 698 F. App'x 393, 394 (9th Cir. 2017) ("Kelso is entitled to quasi-judicial immunity" with respect to negligence claim).

Nor can plaintiff's claims proceed against Steven Tharratt. The Court understands, as the Attorney General has represented to another court in this district, that "[t]o the best of [the Attorney General's] knowledge, [Dr.] Tharratt died on August 20, 2020." *See* Case No. 3:20-cv-07845-CRB, Dkt. Nos. 37, 37-1. The Court takes judicial notice pursuant to Federal Rule of

4

Evidence 201 of the filing in that case, which attaches Dr. Tharratt's obituary published on the California Department of Corrections and Rehabilitation website on October 6, 2020, *available at* https://www.cdcr.ca.gov/insidecdcr/2020/10/06/dr-robert-tharratt-longtime-cchcs-medical-director-passes-away/. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (federal courts "may take judicial notice of court filings and other matters of public record"); *Bullock v. Johnson*, No. CV 15-2070 PA (AS), 2018 WL 5880736, at *13 n.19 (C.D. Cal. Aug. 10, 2018), report and recommendation adopted, No. CV 15-2070 PA (AS), 2018 WL 4791089 (C.D. Cal. Oct. 3, 2018) (taking judicial notice of CDCR obituary).

Dr. Tharratt's death therefore preceded the filing of this action on January 2, 2024. *See* Dkt. No. 1. "[A] party cannot maintain a suit on behalf of, or against, or join, a dead person, or in any other way make a dead person (in that person's own right, and not through a properly represented estate or successor) party to a federal lawsuit." *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 955 (9th Cir. 2020). Defendant Tharratt was therefore not an appropriately named Defendant at the onset of this litigation and will be dismissed.

Nor can plaintiff's claims proceed against the overinclusive variety of unnamed individuals whom plaintiff refers to. Plaintiff may later move to amend his complaint to name additional defendants.

## CONCLUSION

1. Defendant Tharratt is dismissed.
2. Defendant Kelso is dismissed.
3. Defendant Newsom is dismissed.
4. The Court orders that service on the following defendants shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody:

    1. Ronald Broomfield
    2. Ralph Diaz
    3. Clarence Cryer
    4. Alison Pachynski

5. Shannon Garrigan

6. Kathleen Allison

7. Joseph Bink

8. Dean Borders

9. Louie Escobell

In accordance with the program, the clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 1), this Order of Service, a CDCR Report of E-Service Waiver form, and a summons. The clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the USMS and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The clerk shall provide to the USMS the completed USM-285 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

10. All defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver form.

11. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once defendants are represented by counsel, all documents must be mailed to counsel rather than directly to defendants.

12. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

13. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

14. The case will remain stayed for all purposes other than service of the complaint on defendants.

**IT IS SO ORDERED.**

Dated: March 7, 2025

Edward J. Davila
United States District Judge