UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE CIM-SQ TRANSFER CASES | Case No. 5:20-cv-06326-EJD |
| This Document Relates To:<br>24-cv-04745-EJD; *Harrison v. California Department of Corrections and Rehabilitation et al.* | **ORDER OF SERVICE** |

### INTRODUCTION

Plaintiff, a California prisoner, filed a pro se civil rights action. Plaintiff alleges that his case "is a related and consolidated case in regards of contracting COVID-19 from the prison transfer from California Institution for Men ("CIM") to San Quentin state prison which led up to my contraction of COVID 19 as of July 21, 2021." The case is now before the Court for screening pursuant to 28 U.S.C. § 1915A(a), and service of the complaint on defendants is ordered. Plaintiff will be granted leave to proceed in forma pauperis by separate order.

This case has been consolidated with cases in this district related to the 2020 prisoner transfer and related to the first case filed, No. 5:20-cv-06326-EJD, which now has the caption "In Re CIM-SQ Transfer Cases." Pro se prisoner cases that are part of the consolidated matter are stayed except for the purposes of service. Service shall therefore proceed in plaintiff's case as ordered below, but the case will remain stayed for all other purposes. The docket for Case No. 24-cv-04745 and all other individual dockets have been closed. If plaintiff wishes to file any motions, he must file them in Case No. 5:20-cv-06326-EJD and include his original case number, No. 24-cv-04745, on the left side of the heading.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). A court has discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

**LEGAL CLAIMS**

Plaintiff names as defendants the California Department of Corrections and Rehabilitation (CDCR); J. Clark Kelso, prison receiver; Ralph Diaz, retired CDCR secretary; Ronald Davis, San Quentin State Prison (SQSP) warden; Ronald Broomfield, acting SQSP warden; and Clarence Cryer, chief executive officer for healthcare at SQSP. He seeks damages. He writes that he tested positive for COVID-19 on July 21, 2021, but attaches an exhibit showing his positive result on July 24, 2020 for a test administered on July 21, 2020. See Dkt. No. 1 at 2.

CDCR is immune from section 1983 lawsuits seeking damages because it is a state agency, and a suit against it operates as a suit against the state. The Eleventh Amendment to the U.S. Constitution bars a person from suing a state in federal court without the state's consent. See *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984). CDCR will therefore be dismissed.

Clark Kelso has quasi-judicial immunity and will therefore be dismissed. *See Harris v. Allison*, No. 20-CV-09393-CRB, 2022 WL 2232526, at *1 (N.D. Cal. June 7, 2022) (dismissing Kelso from a case raising materially similar allegations as those made here); *In re CIM-SQ Transfer Cases*, No. 22-mc-80066-WHO at Dkt. No. 63 (N.D. Cal. July 21, 2022) (same); *Patterson v. Kelso*, 698 F. App'x 393, 394 (9th Cir. 2017) ("Kelso is entitled to quasi-judicial immunity" with respect to negligence claim).

Liberally construed, plaintiff's allegations state a plausible claim for deliberate indifference to plaintiff's safety against the remaining defendants, in violation of the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

**CONCLUSION**

1. Defendants Clark Kelso and CDCR are DISMISSED.

2. Plaintiff has stated a cognizable claim against defendants Diaz, Davis, Broomfield, and Cryer for violation of the Eighth Amendment by deliberate indifference to his health and safety needs.

3. The Court orders that service on the following defendants shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil

3

rights cases from prisoners in the CDCR's custody:

    a.    Ralph Diaz, former secretary of CDR

    b.    Ronald Davis, Warden of SQSP

    c.    Ronald Broomfield, Acting Warden of SQSP

    d.    Clarence Cryer, Chief Executive Officer of SQSP

In accordance with the program, the clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 5 in case 5:24-cv-04745-EJD), this Order of Service, a CDCR Report of E-Service Waiver form, and a summons. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the USMS and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The clerk shall provide to the USMS the completed USM-285 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

4. All defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver form.

5.  All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once defendants are represented by counsel, all documents must be mailed to counsel rather than directly to defendants.

6.  Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7.  Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

8.  The case will remain stayed for all purposes other than service of the complaint on defendants.

**IT IS SO ORDERED.**

Dated: April 17, 2025

EDWARD J. DAVILA
United States District Judge