UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CIM-SQ TRANSFER CASES<br><br>This Document Relates To:<br><br>5:24-cv-04517-EJD; *Calvin v. Allison* | Case No.  5:20-cv-06326-EJD<br><br>**ORDER OF SERVICE** |

# INTRODUCTION

Plaintiff, a former California prisoner, filed a pro se civil rights action alleging that defendants violated his rights under the Eighth Amendment by transferring over 100 inmates, some of whom were infected with COVID-19, from the California Institution for Men[1] (CIM) to San Quentin State Prison (SQSP)[2] in May 2020. The case is now before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B), and service of the complaint on defendants is ordered.

This case has been consolidated with cases in this district related to the 2020 prisoner transfer and related to the first case filed, No. 5:20-cv-06326-EJD, which now has the caption "In Re CIM-SQ Transfer Cases." Pro se prisoner cases that are part of the consolidated matter are stayed except for the purposes of service. Service shall therefore proceed in plaintiff's case as ordered below, but the case will remain stayed for all other purposes. The docket for Case No. 24-cv-04517-EJD and all other individual dockets have been closed. If plaintiff wishes to file any motions, he must file them in Case No. 5:20-cv-06326-EJD and include his original case number,

---

[1] The complaint refers to CIM as Chino State Prison or CSP. This Order uses "CIM."
[2] SQSP is now called the San Quentin Rehabilitation Center. The former name is used in this Order for clarity.

1  24-cv-04517-EJD, on the left side of the heading.

## STANDARD OF REVIEW

Although plaintiff is no longer a prisoner, he is proceeding *in forma pauperis* and his complaint is therefore subject to screening under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), the court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," "fail[ ] to state a claim upon which relief may be granted," or "seek[ ] monetary relief from a defendant who is immune from such relief." A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Martin v. Sias, 88 F.3d 774. 775 (9th Cir. 1996). Pro se pleadings must, however, be liberally construed. See United States v. Qazi, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . .. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." Id. at 570. All or part of a complaint filed by a prisoner may be dismissed sua sponte if the prisoner's claims lack an arguable basis in either law or in fact.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). A court has discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part

of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008).

**LEGAL CLAIMS**

Plaintiff names the following defendants:

1. Kathleen Allison, Director of California Department of Corrections and Rehabilitation (CDCR)
2. Ralph Diaz, secretary of CDCR
3. Ron Davis, Associate Director of Reception Centers
4. Ron Broomfield, Acting Warden at SQSP
5. Clark Kelso, Federal Receiver
6. A. Pachynski, Chief Medical Officer at SQSP
7. L. Escobell, Chief Medical Officer at CIM
8. R. Steven Tharratt, Director of CDCR's Medical Services
9. Clarence Cryer, SQSP Healthcare Chief Executive Director
10. Dean Borders, Warden at CIM
11. Joseph Bick, Director of California Corrections Health Care Services

Plaintiff alleges that defendants were each involved in decision-making around and execution of the prisoner transfer from CIM to SQSP without adequate safeguards to prevent COVID transmission. SQSP's physical attributes made it "not a reasonable option." Dkt. No. 1 at 9. Defendants were responsible for inadequate testing and symptom screening of the prisoners, failure to distance the prisoners on the busses, and failure to take precautions to prevent transmission upon arrival. Id. at 9-13. Plaintiff began experiencing COVID-19 symptoms, but has not been able to obtain his medical file. Id. at 14, 88.

Plaintiff seeks compensatory and punitive damages. Id. at 18.

Clark Kelso has quasi-judicial immunity and will therefore be dismissed. See Harris v. Allison, No. 20-CV-09393-CRB, 2022 WL 2232526, at *1 (N.D. Cal. June 7, 2022) (dismissing Kelso from a case raising materially similar allegations as those made here); In re CIM-SQ

3

1   Transfer Cases, No. 22-mc-80066-WHO at Dkt. No. 63 (N.D. Cal. July 21, 2022) (same);
2   Patterson v. Kelso, 698 F. App'x 393, 394 (9th Cir. 2017) ("Kelso is entitled to quasi-judicial
3   immunity" with respect to negligence claim).

4       Defendant Tharratt will also be dismissed. The Court understands, as the Attorney General
5   has represented to another court in this district, that "[t]o the best of [the Attorney General's]
6   knowledge, [Dr.] Tharratt died on August 20, 2020." See Case No. 3:20-cv-07845-CRB, Dkt.
7   Nos. 37, 37-1. The Court takes judicial notice pursuant to Federal Rule of Evidence 201 of the
8   filing in that case, which attaches Dr. Tharratt's obituary published on the California Department
9   of Corrections and Rehabilitation website on October 6, 2020, available at
10  https://www.cdcr.ca.gov/insidecdcr/2020/10/06/dr-robert-tharratt-longtime-cchcs-medical-
11  director-passes-away/. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6
12  (9th Cir. 2006) (federal courts "may take judicial notice of court filings and other matters of public
13  record"); Bullock v. Johnson, No. CV 15-2070 PA (AS), 2018 WL 5880736, at *13 n.19 (C.D.
14  Cal. Aug. 10, 2018), report and recommendation adopted, No. CV 15-2070 PA (AS), 2018 WL
15  4791089 (C.D. Cal. Oct. 3, 2018) (taking judicial notice of CDCR obituary).

16      Dr. Tharratt's death therefore preceded the filing of this action. See Dkt. No. 1. "[A] party
17  cannot maintain a suit on behalf of, or against, or join, a dead person, or in any other way make a
18  dead person (in that person's own right, and not through a properly represented estate or
19  successor) party to a federal lawsuit." LN Mgmt., LLC v. JPMorgan Chase Bank, N.A., 957 F.3d
20  943, 955 (9th Cir. 2020). Defendant Tharratt was therefore not an appropriately named defendant
21  at the onset of this litigation and will be dismissed.

22      Liberally construed, plaintiff's allegations state a plausible claim for deliberate
23  indifference to plaintiff's safety, in violation of the Eighth Amendment, against the remaining
24  named defendants in their individual capacities. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

## CONCLUSION

26      1.    Defendants Clark Kelso and R. Steven Tharratt are DISMISSED.
27      2.    Plaintiff has stated a cognizable claim against remaining defendants for violation of
28  the Eighth Amendment by deliberate indifference to his health and safety needs.

3. The Court orders that service on the following defendants shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody:

    a. Kathleen Allison

    b. Ralph Diaz

    c. Ron Davis

    d. Ron Broomfield

    e. A. Pachynski

    f. L. Escobell

    g. Clarence Cryer

    h. Dean Borders

    i. Joseph Bick

In accordance with the program, the clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 1 in case 24-cv-04517-EJD), this Order of Service, a CDCR Report of E-Service Waiver form, and a summons. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the USMS and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The clerk shall provide to the USMS the completed USM-285 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-

Service Waiver.

4. All defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver form.

5. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once defendants are represented by counsel, all documents must be mailed to counsel rather than directly to defendants.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

8. The case will remain stayed for all purposes other than service of the complaint on defendants.

**IT IS SO ORDERED.**

Dated: May 8, 2025

EDWARD J. DAVILA
United States District Judge