UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE CIM-SQ TRANSFER CASES<br><br>This Document Relates To:<br>24-cv-05995-EJD; *Lemond v. Broomfield* | Case No. 5:20-cv-06326-EJD<br><br>**ORDER OF SERVICE** |

**INTRODUCTION**

Plaintiff, a California prisoner, filed a pro se civil rights action. Plaintiff alleged that defendants violated his constitutional rights by transferring over 100 inmates, some of whom were infected with COVID-19, from the California Institution for Men (CIM) to San Quentin State Prison (SQSP)[1] in May 2020. The case is now before the Court for screening pursuant to 28 U.S.C. § 1915A(a), and service of the complaint on defendant Broomfield is ordered. Plaintiff will be granted leave to proceed in forma pauperis by separate order.

This case has been consolidated with cases in this district related to the 2020 prisoner transfer and related to the first case filed, No. 5:20-cv-06326-EJD, which now has the caption "In Re CIM-SQ Transfer Cases." Pro se prisoner cases that are part of the consolidated matter are stayed except for the purposes of service. Service shall therefore proceed in plaintiff's case as ordered below, but the case will remain stayed for all other purposes. The docket for Case No. 24-cv-05995 and all other individual dockets have been closed. If plaintiff wishes to file any

---

[1] SQSP is now called the San Quentin Rehabilitation Center. The former name is used in this Order for clarity.

1  motions, he must file them in Case No. 5:20-cv-06326-EJD and include his original case number, No. 24-cv-05995, on the left side of the heading.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). A court has discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the

opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

## LEGAL CLAIMS

Plaintiff names as defendants former SQSP warden Ronald Broomfield and the California Department of Corrections and Rehabilitation (CDCR). He seeks damages. He alleges that defendants violated their own rules and procedures by allowing the CIM prisoners to transfer to SQSP without testing or quarantining procedures.

CDCR is immune from section 1983 lawsuits seeking damages because it is a state agency, and a suit against it operates as a suit against the state. The Eleventh Amendment to the U.S. Constitution bars a person from suing a state in federal court without the state's consent. See *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984). CDCR will therefore be dismissed.

Liberally construed, plaintiff's allegations state a plausible claim for deliberate indifference to plaintiff's safety against Broomfield, in violation of the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

## CONCLUSION

1. Defendant CDCR is DISMISSED.

2. Plaintiff has stated a cognizable claim against defendant Broomfield for violation of the Eighth Amendment by deliberate indifference to his health and safety needs.

3. The Court orders that service on Broomfield shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody:

In accordance with the program, the clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 1-1 in case 5:24-cv-05995-EJD), this Order of Service, a CDCR Report of E-Service Waiver form, and a summons. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which

3

defendant(s) listed in this order will be waiving service of process without the need for service by the USMS and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The clerk shall provide to the USMS the completed USM-285 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

4. All defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver form.

5. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once defendants are represented by counsel, all documents must be mailed to counsel rather than directly to defendants.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7.  Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

8.  The case will remain stayed for all purposes other than service of the complaint on defendants.

**IT IS SO ORDERED.**

Dated: May 8, 2025

EDWARD J. DAVILA
United States District Judge