Nancy Hersh (State Bar No. 49091)
nhersh@hershlaw.com
Charles Kelly (State Bar No. 122253)
ckelly@hershlaw.com
HERSH & HERSH, A Professional Corporation
1388 Sutter St., Suite 1210
San Francisco, CA 94109
Telephone: (415) 441-5544

Matthew D. Carlson (State Bar No. 273242)
mdcarlson@mdcarlsonlaw.com
LAW OFFICE OF MATTHEW D. CARLSON
3959 N. Buffalo Road, Suite 29
Orchard Park, NY 14127
Telephone: (716) 242-1234

Benjamin T. Rosenfeld (State Bar No. 203845)
ben.rosenfeld@comcast.net
584 Castro Street, #400
San Francisco, CA 94114
Telephone: (415) 285-8091

Tyler R. Smith (State Bar No. 289188)
smithtyler42@gmail.com
LAW OFFICE OF TYLER SMITH
PO Box 44
Martinez, CA 94553
Telephone: (415) 844-0680

Attorneys for Plaintiff REGINALD THORPE,
   on behalf of himself and all others similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE CIM-SQ TRANSFER CASES<br><br>This Document Relates to:<br><br>*All Actions* | **Case No.: 5:20-cv-06326-EJD**<br><br>**PLAINTIFF'S OPPOSITION BRIEF REGARDING *RES JUDICATA* DEFENSE AGAINST CERTAIN PLAINTIFFS** |

## I.  INTRODUCTION

In the early months of the COVID-19 pandemic, a group of approximately 400 inmates at San Quentin ("SQ") (referred to by both parties as "Impacted Plaintiffs") sought emergency relief in Marin County Superior Court via petitions for habeas corpus to address the life-threatening living conditions in the prison. *See* Defs. Req. J.N., Exhs. A-HH (referred to generally as the "*Von Staich*" proceedings). Now, Defendants seek to use the final judgments from *Von Staich* to prevent Impacted Plaintiffs from seeking damages in this litigation pursuant to the doctrine of *res judicata* (or, in this context, "claim preclusion"). Defendants' request is misguided for several reasons.

First, the primary rights at issue in each case differ despite their partially – though not completely – overlapping factual bases. *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 809 (2010) (claim preclusion does not apply where two actions involve different primary rights, and "courts have made clear, particularly in the context of litigation involving both statutory and common law causes of action, that different primary rights may be violated by the same wrongful conduct.") (internal quotations omitted). In *Von Staich*, the primary right at issue was Impacted Plaintiffs' right to be free from COVID-related dangers posed by the ongoing conditions of confinement at SQ in 2020 and 2021. In this case, however, the primary right at issue is Impacted Plaintiffs' right to damages arising from contraction of COVID-19 due to the transfer and subsequent outbreak at SQ in mid-2020. The Ninth Circuit has "cautioned against wielding the 'primary right brush...too carelessly'" and, consistent with *Boeken*, has repeatedly "noted the possibility that 'different primary rights may be violated by the same wrongful conduct' under certain circumstances." *Furnace v. Giurbino*, 838 F.3d 1019, 1024 (9th Cir. 2016) (quoting *San Diego Police Officers' Ass'n v. San Diego City Emps. Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009)). Those "certain circumstances" are present here.

Second, claim preclusion cannot apply because the defendants in *Von Staich* – the CDCR and Warden Broomfield, a respondent effectively in his official capacity – are not defendants in the putative class action, nor could they be, as the CDCR cannot be sued in federal court under

42 U.S.C. section 1983 and Warden Broomfield is being sued and can only be sued in his individual capacity. This is a meaningful difference as discussed in the large body of caselaw set forth below. *See, e.g.*, *Mir v. Kirchmeyer*, 2016 WL 2745338, at *8 (S.D. Cal. May 11, 2016), *aff'd sub nom. Mir v. Levine*, 745 F. App'x 726 (9th Cir. 2018) ("There is not privity [] where the parties in the two suits have not been sued in the same capacity because a defendant in his official capacity does not represent the same legal right as he does in an individual capacity.").

Third, Impacted Plaintiffs had no opportunity to litigate damages in *Von Staich*,[1] which focused on an immediate and severe threat to Impacted Plaintiffs' health; there was simply no time to do so when hundreds of lives were at risk. Even assuming the elements of claim preclusion are met, which Plaintiff disputes, it would be manifestly unjust – and a violation of due process – to prevent Impacted Plaintiffs from participating in this case under these extraordinary circumstances. *Slater v. Blackwood*, 543 P.2d 593, 595 (Cal. 1975) ("in particular circumstances, courts may refuse to apply res judicata when to do so would constitute a manifest injustice."); *F.E.V. v. City of Anaheim*, 15 Cal. App. 5th 462, 465 (2017) ("[A] final judgment may be denied claim preclusive effect when to do so would result in manifest injustice."); *LaCour v. Marshalls of California, LLC*, 94 Cal. App. 5th 1172, 1189 (2023) ("The driving principle behind the claim preclusion doctrine is that the parties have had a full and fair opportunity to litigate claims alleged in the first action.") (internal quotations omitted); *Rodgers v. Sargent Controls & Aerospace*, 136 Cal. App. 4th 82, 92 (2006), *as modified* (Feb. 7, 2006) ("due process requires that the party to be estopped must have had a fair opportunity to pursue his claim the first time.").

None of the above factors were present in the trio of Ninth Circuit decisions cited by Defendants. *See Gonzales v. California Dep't of Corr.*, 739 F.3d 1226 (9th Cir. 2014); *Furnace*, 838 F.3d 1019; *Morales v. Cate*, 2022 WL 337153, at *2 (9th Cir. Feb. 4, 2022). A close parsing of those cases – and the scenarios they considered – makes clear this is a different situation where claim preclusion should not and does not apply. Indeed, in related state court litigation

---

[1] Damages are not available in habeas proceedings without adding separate claims.

regarding the transfer, a Superior Court judge recently certified class claims for violation of Government Code section 845.6 and for negligence and rejected the state's arguments that the class should exclude Impacted Plaintiffs. *See Malear v. State*, No. CIV2002017 (Marin Sup. Ct.), 5/2/25 Order.

For these reasons, as discussed further herein, Plaintiff respectfully requests that the Court determine that Impacted Plaintiffs are permitted to seek damages in this case.

## II.     THE *VON STAICH* PROCEEDINGS

In July and August 2020, the Marin Superior Court issued orders to show cause as to whether Warden Broomfield and the CDCR had violated Impacted Plaintiffs' rights under the California and United States Constitutions. *See* RJN, Exhs. A-I. After expedited proceedings, the Court found that Impacted Plaintiffs' federal and state constitutional rights had been violated and that Warden Broomfield and the CDCR had engaged in "historic deliberate indifference" towards Impacted Plaintiffs' right to be free from cruel and unusual punishment, arising from, but not limited to, the transfer and circumstances surrounding it. RJN, Exh. J (Final Order) at pp. 95-96. However, the Court ultimately denied the petitions as moot, as "the vaccine changed the game for COVID-19 at San Quentin" and thus petitioners were unable to carry their burden to show "current" deliberate indifference at the time of the Final Order, notwithstanding the Court's serious misgivings about the wisdom of respondents' ongoing practices at SQ. *Id.* at pp. 111, 115-16. The Court's Order addressed acts and omissions spanning from the transfer in May 2020 until the date of the Final Order in November 2021. *See, e.g., id.* at p. 109.

The Final Order noted that the circumstances of the proceedings presented "the need for urgent action on the petitions (particularly during the worst part of the outbreak at San Quentin), judicial economy in the wake of what initially was a closed down courthouse that then reopened with limited courtrooms and staff, and the periodic guidance from higher courts" and commented that "given the urgency of the issues raised in the various petitions and pursuant to California Rules of Court, rule 4.55l(h), the court expedited the timeline for filing of the return and traverse."). *Id.* at p. 4.

### III. LEGAL STANDARD

The parties agree that California law applies to this matter. *See Furnace*, 838 F.3d at 1023; *see also* Defs.' Brief at p. 5. Under California law, "[t]he party asserting res judicata has the burden to establish that the doctrine applies." *E.g., Younger v. Cnty. of San Bernardino*, 2017 WL 8944063, at *6 (C.D. Cal. Sept. 11, 2017) (citing *Patel v. Crown Diamonds, Inc.*, 247 Cal. App. 4th 29, 40 (2016), *as modified* (Apr. 29, 2016) (citation omitted)).

### IV. DISCUSSION

Claim preclusion arises if a second suit involves: (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit. *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015). Additionally, even where the elements of claim preclusion have been met, a court may decline to apply it if to do so would result in "manifest injustice." *F.E.V.*, 15 Cal. App. 5th at 465; *see also Villacres v. ABM Indus. Inc.*, 189 Cal. App. 4th 562, 592 (2010).

Plaintiff does not dispute that there was (3) a final judgment on the merits of the habeas petitions in the *Von Staich* proceedings. However, as discussed below, the first two elements of claim preclusion are not present and, even if they are, this circumstance falls squarely into the "manifest injustice" exception to the doctrine and implicates serious due process concerns.

**A.  *Von Staich* and This Case Involve Different Primary Rights and Therefore Different Causes of Action**

Causes of action are the "same" under California law when they involve the same "primary right." *Furnace*, 838 F.3d at 1024. Thus, the violation of a single primary right generally gives rise to a single cause of action. *Id.* However, "California's primary rights theory can be complicated," and, as previously noted, the Ninth Circuit has "cautioned against wielding the 'primary right brush ... too carelessly'" and has repeatedly "noted the possibility that 'different primary rights may be violated by the same wrongful conduct' under certain circumstances." *Id.* (quoting *San Diego Police Officers' Ass'n,* 568 F.3d at 734.

California law draws a distinction between the primary right to a certain condition and a

primary right to damages arising from the denial of that condition. For example, in *Craig v. County of Los Angeles* (1990) 221 Cal. App. 3d 1294, the court determined that a prior mandate proceeding to compel the sheriff's office to comply with an order to hire plaintiff did not bar a later action for damages for fraud, intentional infliction of emotional distress and employment discrimination. *Id.* at 1301-02. The court reasoned that the primary right in the first action was the right to be employed as an officer, whereas the later action for damages because of that denial involved a different primary right – the right to recover damages because of the denial. *Id.* ("Here, the primary right in the mandate actions involved the right to be employed as a Harbor Patrol officer. The later action to recover damages because of the denial of that right involves a different primary right.") (internal citation omitted). *Daugherty v. Board of Trustees*, 111 Cal. App. 2d 519 (1952), cited by *Craig*, is also instructive. There, the Court of Appeal held that a judgment in an initial proceeding seeking reinstatement did not bar a second action for damages. *Id.* at 520-21. The court reasoned that the first proceeding was to compel enforcement of the petitioner's right to employment, whereas the second proceeding was to compel performance of an act – payment of damages. *Id.* Thus, the court concluded that "[t]he causes of action in the two proceedings were thus separate and distinct, although arising out of the same subject matter" and "a favorable judgment in the first proceeding [was] not a bar to th[e] proceeding for unpaid salary since no issue was tendered or adjudication had thereon in the first proceeding with respect to the payment of salary." *Id.* (citing *Myers v. County of Orange*, 6 Cal. App. 3d 626, 632- 633 (1970) (prior mandate proceeding to compel hearing by discharged employee did not bar subsequent action for damages)).[2]

In this circumstance, the primary right at issue in *Von Staich* was the right to be free from

---

[2] *See also Agarwal v. Johnson* (1979) 25 Cal. 3d 932, *disapproved of on other grounds* by *White v. Ultramar, Inc.* (1999) 21 Cal. 4th 563 (refusing to apply claim preclusion to a later federal court action for defamation and intentional inflection of emotional distress after a state court case under Title VII, even though they "ar[o]se from the same set of operative facts" because "the significant factor is the harm suffered; that the same facts are involved in both suits is not conclusive."). *Id.* at 954-55. Again, the harm in *Von Staich* was the conditions of Impacted Plaintiffs' confinement, whereas the harm here is damages from contracting COVID.

COVID-related dangers posed by the ongoing conditions of confinement at San Quentin in 2020 and 2021. This primary right is evidenced by the relief available to and requested from the state Court – declaratory and equitable relief, including release. *See* RJN, Exh. J at p. 73 (noting that a court entertaining a habeas petition has the power to order release of an inmate as well as injunctive relief altering conditions of confinement). It is also evidenced by the fact that the Court denied the habeas petitions largely because of the availability of the COVID vaccine – a non-factor in this case. Exh. J at p. 111. Here, however, the primary right at issue is the right to damages related to class members' contraction of COVID-19 as a result of the transfer and decisions related to the transfer—in other words, the damages resulting from Defendants' *denial* of Impacted Plaintiffs right to be free from COVID-related danger, which issue was not "tendered or adjudicated" in *Von Staich*. Moreover, longer-term issues concerning the conditions of confinement at issue in *Von Staich* are outside the scope of this litigation.

The Ninth Circuit cases upon which Defendants rely do not require a different conclusion. In *Gonzales*, the court applied claim preclusion because it interpreted a plaintiff's retaliation, First Amendment, and Equal Protection claims for damages following a failed habeas petition to be a second challenge to the fact of his confinement in a secured unit used to house gang-affiliated prisoners. *Gonzales*, 739 F.3d at 1234 (deciding that these claims were, like the prior habeas petition, "in truth, [a] challenge [] to the *fact* of his confinement") (emphasis in original). However, the plaintiff's Eighth Amendment challenge to the prison's procedures for validated gang members to earn their release back into the prison's general population was *not* precluded by his earlier habeas action. *Id*. And the court expressly commented – and the CDCR conceded – that "a challenge to the conditions of Gonzales's confinement would present a different cause of action than a challenge to the fact of his confinement." *Id*. Thus, *Gonzales* makes clear that there are scenarios in which a habeas proceeding may involve a different primary right than a claim for damages with an overlapping factual predicate. The *Furnace* court reached a similar conclusion, interpreting both the habeas and civil rights proceedings there as a challenge to "the lawfulness of [plaintiff's] placement" in a secured unit to house gang-affiliated

prisoners. *Furnace*, 838 F.3d at 1027; *see also id.* at 1025 ("At heart, Furnace has always complained about the same alleged injury: his gang validation and SHU placement. He has come up with numerous legal theories as to why it was unlawful—lack of evidence, retaliation, and racial discrimination—but it does not change the primary right he seeks to vindicate…"). Again, implicit in *Furnace* is that different injuries at issue in different proceedings, as is the case here, would involve different primary rights. *See Boeken*, 48 Cal. 4th at 798 ("[U]nder the primary rights theory, the determinative factor is the harm suffered. When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right.").[3]

Not every habeas petition is the same. Not every action for damages is the same. As the Ninth Circuit has made clear in *Gonzales* and *Furnace*, it is important for courts to consider the underlying injury – or primary right – in each case, rather than draw a bright line rule that habeas judgments always have preclusive effect on later actions for damages. Because this case and *Von Staich* involve different primary rights, the Court should decline to apply claim preclusion.

**B.     *Von Staich* Was Brought Against Different Parties**

Claim preclusion only applies where prior litigation was against the same parties or parties in privity with them. *DKN Holdings LLC*, 61 Cal. 4th at 824. In *Von Staich*, the respondents were the CDCR and Warden Broomfield, effectively in his official capacity. *In re Estevez*, 165 Cal. App. 4th 1445, 1454 (2008) (a warden is a respondent in a habeas petition pursuant to Penal Code section 1477 because the warden has physical custody of an inmate); *id.* at 1463 (2008) (noting that the warden is a "representative of the state"). Here, all Defendants in

---

[3]    Defendants also rely on *Morales v. Cate*, 2022 WL 337153 (9th Cir. Feb. 4, 2022), an unpublished memorandum disposition. But *Morales* is inapposite here—there, plaintiff "[did] not dispute" that his equal protection claim for damages under 42 U.S.C. § 1983 "[met] the elements of claim preclusion under California law," and attempted to argue that California recognized a generalized "exception[] to claim preclusion" whenever "damages were not an available remedy in [the earlier] state habeas proceedings," an overbroad argument that Impacted Plaintiffs do not advance here because it is contradicted by *Gonzales* and *Furnace*. *Id.* at *1. Moreover, Ninth Circuit memorandum dispositions are not binding on this Court, *Reynolds Metals Co. v. Ellis*, 202 F.3d 1246, 1249 (9th Cir. 2000), and to the extent that the panel in *Morales* described the holdings in *Gonzales* and *Furnace*, that language oversimplified those cases for the reasons discussed above.

class proceedings are individuals sued in their individual capacities, and neither the CDCR nor Warden Broomfield in his official capacity can be sued in federal court for violations of 42 U.S.C. section 1983. *See Aranda v. Martel*, 416 F. App'x 651 (9th Cir. 2011) ("The [CDCR], as a state agency, is immune from [a Section 1983] suit under the Eleventh Amendment"); *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam) (as amended) (claims for damages against state prison officials sued in official capacity barred by 11th Amendment).

Numerous courts have considered the precise circumstance presented and declined to apply claim preclusion. *Mir*, 2016 WL 2745338, at *8 ("There is not privity [] where the parties in the two suits have not been sued in the same capacity because a defendant in his official capacity does not represent the same legal right as he does in an individual capacity."); *Torres v. Diaz*, 2016 WL 4708489, at *2 (E.D. Cal. Sept. 8, 2016) (same) (citing *Robinson v. Brown*, 2014 WL 1779460, at *7 (E.D. Cal. May 5, 2014); *Escamilla v. Giurbino*, 2008 WL 4493035, at *5-6 (S.D. Cal. Sept. 30, 2008) (same); *Hayes v. Rojas*, 2021 WL 5356471, at *5 (E.D. Cal. Nov. 17, 2021) (same); *Andrews v. Daw*, 201 F.3d 521, 525 (4th Cir. 2000) (same); *Diamond v. City of Los Angeles*, 2016 WL 3180226 at *6 (C.D. Cal. May 10, 2016) ("Therefore, the element of identity of the parties is met with respect to the City and the Doe defendants sued in their official capacity, but not with respect to the Doe defendants sued in their individual capacity.").[4] Accordingly, the parties are not the "same" for purposes of claim preclusion.

---

[4] Neither *Gonzales* nor *Furance* considered this issue, but one district court reached an opposite conclusion under similar circumstances. *Hutchison v. California Prison Indus. Auth.*, 2015 WL 179790 at *3-4 (N.D. Cal. Jan. 14, 2015). As discussed in *Torres*, *Hutchison* represents the minority view and properly so, as it incorrectly determined that privity must exist only between the party against whom claim preclusion is sought. *Cal Sierra Dev., Inc. v. George Reed, Inc.*, 14 Cal. App. 5th 663, 670–71 (2017) ("the California Supreme Court clarified that for the claim preclusion aspect of res judicata, a complete identity of parties was required; the requirement of the same party or its privy applies to both the party asserting the defense and the party against whom the defense is asserted.").

Defendants cite *Patterson v. Matteson*, 2022 WL 3925297 (N.D. Cal. Aug. 30, 2022), but in that case it is unclear in what capacity the defendant in the action for damages was sued by the *pro se* plaintiff, and Judge Freeman specifically commented that the plaintiff did file any "opposition to argue that privity does not exist between the defendants in both actions." *Id.* at *7.

### C. Application of Claim Preclusion Under the Circumstances Would be Manifestly Unjust

A final judgment in a prior action "may be denied claim preclusive effect when to do so would result in manifest injustice." *F.E.V.*, 15 Cal. App. 5th at 465; *Slater*, 543 P.2d at 595. For example, in *F.E.V.*, a Ninth Circuit *en banc* decision reversed a panel decision upon which the state court in a previous action (*F.E.V. I*) had relied in sustaining a demurrer without leave to amend, but the time for challenging the state court decision had passed between the panel and *en banc* decisions. *Id.* at 465-66. The plaintiffs re-filed the same action in state court, and defendants sought to have the case dismissed on grounds that the *F.E.V. I* judgment should be given preclusive effect. The trial court agreed, but the Court of Appeal reversed, reasoning that because "[p]laintiffs have not had the opportunity to litigate their state tort claims and are not vexatious litigants[,]" [g]iving preclusive effect to a judgment, the validity of which is based entirely on a judgment that has been reversed, can only erode public confidence in judicial decisions." *Id.* The court further commented that the "[f]inality of judgments, the underpinning of res judicata, is an important policy, but it is a means to an end—justice—and not an end in itself. Justice is not served by giving preclusive effect to a judgment under the rare and, we hope, unique circumstances of this case." *Id.*

So it is here that justice would not be served by giving preclusive effect to the *Von Staich* judgments under these unique circumstances. No court has had an occasion to address the exceptional scenario at issue here, where the state Court expedited habeas proceedings in response to a once-in-a-century pandemic that killed millions of people. There was simply no realistic opportunity to litigate damages on behalf of hundreds of petitioners who were fighting for their lives in an overcrowded prison as COVID ravaged both the inside and outside world. Indeed, petitioners participated in a bench proceeding via Zoom because the entire world was still locked down, and the state resisted discovery at every turn citing the exigent nature of the petitions and the impact of COVID. *Compare, e.g., Villacres*, 189 Cal. App. 4th at 592 (2010) (finding no manifest injustice where claims in first action were "commendably advanced"). For Defendants to characterize this case as a "second bite at the apple" overlooks the obvious

realities and constraints of the *Von Staich* proceedings. Put simply, if ever there was a basis to apply the manifest justice exception, it is here. Accordingly, the Court should decline to give *Von Staich* preclusive effect on equitable grounds.[5]

### D. Claim Preclusion Under the Circumstance Would Undermine Impacted Plaintiffs' Due Process Rights

Lastly, giving *Von Staich* preclusive effect under the circumstances would deprive Impacted Plaintiffs of due process given the expedited nature of the habeas proceedings and the targeted relief sought therein. *Rodgers v. Sargent Controls & Aerospace*, 136 Cal. App. 4th 82, 92 (2006), *as modified* (Feb. 7, 2006) ("due process requires that the party to be estopped must have had a fair opportunity to pursue his claim the first time."); *Guerrero v. Dep't of Corr. & Rehab.*, 28 Cal. App. 5th 1091, 1098 (2018) ("The driving principle behind the claim preclusion doctrine is that the parties have had a full and fair opportunity to litigate claims alleged in the first action." (internal quotations omitted).

Preventing Impacted Plaintiffs from pursuing damages here when they had no realistic opportunity – let alone a "full and fair opportunity" – to litigate damages in *Von Staich* would run afoul of a basic tenet of claim preclusion and due process.

### V. CONCLUSION

For the foregoing reasons, the Court should permit Impacted Plaintiffs to participate in this action.

Dated: June 6, 2025                    LAW OFFICE OF MATTHEW D. CARLSON

                                                                    By: /s/ Matthew D. Carlson
                                                                         Matthew D. Carlson
                                                                         *Attorney for Plaintiff Reginald Thorpe and the putative class*

---

[5] It is notable that Defendants invoke claim preclusion to attempt to bar claims for damages, while at the same time resisting issue preclusion on the "historical deliberate indifference" finding in *Von Staich*. Defendants should not be permitted to cherry pick the portions of that ruling they wish to have preclusive effect and discard the portions they do not.