UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| IN RE CIM-SQ TRANSFER CASES | Case No. 5:20-cv-06326-EJD |
|---|---|
| This Document Relates To:<br><br>25-cv-00954; *Young v. Moralez* | **ORDER GRANTING MOTION TO AMEND COMPLAINT TO NAME ADDITIONAL DEFENDANTS AND CLAIMS; OF SERVICE**<br><br>ECF No. 278 |

Plaintiff's motion to amend his complaint to state additional claims and name additional defendants is granted. Dkt. No. 278. Liberally construed, plaintiff's allegations state a plausible claim for deliberate indifference to plaintiff's safety, in violation of the Eighth Amendment, as well as a California Bane Act claim and negligent infliction of emotional distress under state law, against new defendants Estate of Robert S. Tharratt, Ronald Davis, Ronald Broomfield, Clarence Cryer, Alison Pachynski, Shannon Garrigan, Louie Escobell, Muhammad Farooq, and Kirk Torres. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff has stated a cognizable § 504 Rehabilitation Act claim against new defendants the State of California, the California Department of Corrections and Rehabilitation, and San Quentin State Prison. Plaintiff states he has asthma, diabetes, and PTSD and that defendants violated the Rehabilitation Act by failing to accommodate his disabilities and placing him at greater risk than non-disabled peers.

Accordingly:

1. The Court ORDERS that service shall proceed by the United States Marshal Service ("USMS") on the State of California through the Office of the Attorney General.

2. The Court orders that service on the following additional defendants shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody:

    a. CDCR
    b. SQSP
    c. Estate of Robert S. Tharratt
    d. Ronald Davis
    e. Ronald Broomfield
    f. Clarence Cryer
    g. Alison Pachynski
    h. Shannon Garrigan
    i. Louie Escobell
    j. Muhammad Farooq
    k. Kirk Torres

In accordance with the program, the clerk is directed to serve on the CDCR via email the following documents: the operative complaint and motion to amend (Dkt. No. 7 in 25-cv-00954-EJD and Dkt. No. 278 in 20-cv-06326), this Order, a CDCR Report of E-Service Waiver form, and a summons. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the USMS and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The clerk shall provide to the USMS the completed USM-285 forms and copies

of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. All defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver form.

4. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once defendants are represented by counsel, all documents must be mailed to counsel rather than directly to defendants.

5. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

6. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

7. The case will remain stayed for all purposes other than service of the complaint on defendants.

8. This Order terminates Dkt. No. 278 in 20-cv-06326-EJD.

**IT IS SO ORDERED.**

DATED: August 20, 2025

_____
EDWARD J. DAVILA
United States District Judge