UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE CIM-SQ TRANSFER CASES<br><br>This Document Relates To:<br><br>25-cv-07879-EJD; *Vines v. Broomfield et al.* | Case No. 5:20-cv-06326-EJD<br><br>**ORDER OF SERVICE** |

## INTRODUCTION

Plaintiff, a California prisoner, filed a *pro se* civil rights action. Plaintiff alleged that defendants violated his constitutional rights by transferring over 100 prisoners, some of whom were infected with COVID-19, from the California Institution for Men (CIM) to San Quentin State Prison (SQSP)[1] in 2020. The case is now before the Court for screening pursuant to 28 U.S.C. § 1915A(a), and service of the complaint on defendants is ordered. Plaintiff will be granted leave to proceed *in forma pauperis* by separate order.

This case has been consolidated with cases in this district related to the 2020 prisoner transfer and related to the first case filed, No. 5:20-cv-06326-EJD, which now has the caption "In Re CIM-SQ Transfer Cases." *Pro se* prisoner cases that are part of the consolidated matter are stayed except for the purposes of service. Service shall therefore proceed in plaintiff's case as ordered below, but the case will remain stayed for all other purposes. The docket for Case No. 25-cv-07879-EJD and all other individual dockets have been closed. If plaintiff wishes to file any

---

[1] SQSP is now called the San Quentin Rehabilitation Center. The former name is used in this Order for clarity.

motions, he must file them in Case No. 5:20-cv-06326-EJD and include his original case number, No. 25-cv-07879-EJD, on the left side of the heading.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). A court has discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the

opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

## LEGAL CLAIMS

Plaintiff names as defendants the State of California, the California Department of Corrections and Rehabilitation (CDCR), SQSP, Estate of Robert S. Tharratt, Ronald Davis, Ronald Broomfield, Clarence Cryer, Alison Pachynski, Shannon Garrigan, Louie Escobell, Muhammad Farooq, Kirk Torres, Katherine Allison, and Ralph Diaz.

He alleges defendants violated his constitutional rights by transferring 122 inmates from CIM to SQSP, causing him to contract COVID-19. He also alleges violation of the Rehabilitation Act because he is high-risk medical and has asthma, blood clots, and DVT, and defendants' conduct put him at greater risk of contracting COVID-19 than nondisabled inmates. He also alleges violation of California's Bane Act and negligent infliction of emotional distress. He seeks damages.

### A.   Eighth Amendment Claim

The allegations regarding the May 2020 transfer of CIM inmates into SQSP state cognizable Eighth Amendment claims against all defendants except the State of California, the California Department of Corrections and Rehabilitation (CDCR), and SQSP. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison official is deliberately indifferent if he or she knows that prisoner faces substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it).

### B.   Bane Act

California Civil Code section 52.1, the Bane Act, "protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out 'by threats, intimidation or coercion'." *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1040 (9th Cir. 2018) (quoting *Venegas v. County of Los Angeles*, 153 Cal.App.4th 1230, 1239 (2007)). A defendant must have "specific intent" to violate the plaintiff's rights. "But it is not necessary for the defendants to have been 'thinking in constitutional *or legal terms* at the time of the incidents, because a reckless disregard for a person's constitutional rights is evidence of a specific

3

intent to deprive that person of those rights'." *Id.* at 1035, 1045 (quoting *United States v. Reese*, 2 F.3d 870, 885 (9th Cir. 1993)) (triable issue as to specific intent where the defendant deputy sheriffs, responding to a 911 call about a gunshot and a man with a knife, fired at the plaintiff as he answered the door with a knife). Here, liberally construed, plaintiff has stated a cognizable claim that defendants acted with reckless disregard for his constitutional rights, meeting the elements of the Bane Act.

### C.   Rehabilitation Act

The elements of a § 504 Rehabilitation Act claim are that: (1) the plaintiff is a handicapped person under the Act; (2) he is otherwise qualified; (3) the relevant program receives federal financial assistance; and (4) the defendants impermissibly discriminated against him on the basis of the handicap. *Bonner v. Lewis*, 857 F.2d 559, 562-63 (9th Cir. 1988). The Act applies to state prisons receiving federal financial assistance. *Armstrong v. Wilson*, 124 F.3d 1019, 1022-23 (9th Cir. 1997), and a state's acceptance of federal funds may waive sovereign immunity. *See Pugliese v. Dillenberg*, 346 F.3d 937, 937-38 (9th Cir. 2003) (per curiam).

Liberally construed, plaintiff has stated a cognizable Rehabilitation Act claim against defendants the State of California, CDCR, and SQSP.

### D.   Negligent Infliction of Emotional Distress

Plaintiff has also stated a cognizable state-law claim for negligent infliction of emotional distress. Under California law, "there is no independent tort of negligent infliction of emotional distress." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984 (1993). A negligent infliction of emotional distress claim is only available where the "defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object," and "recovery is available only if the emotional distress arises the defendant's breach of some other legal duty and the emotional distress is proximately caused by that breach of duty." *Id.* at 985. Here, defendants have a duty to plaintiff as a prisoner under state tort law. California "[c]ase law holds that 'there is a special relationship between jailer and prisoner, imposing on the former a duty of care to the latter'." *Lawson v. Superior Ct.*, 180 Cal. App. 4th 1372, 1389–90 (2010) (quoting *Giraldo v. Department of Corrections & Rehabilitation*, 168 Cal. App. 4th 231, 250 (2008)). Plaintiff alleges

that the emotional distress arose out of defendants' breach of their duty to him by exposing him to COVID-19.

## CONCLUSION

1. Plaintiff has stated the following cognizable claims against defendants Estate of Robert S. Tharratt, Ronald Davis, Ronald Broomfield, Clarence Cryer, Alison Pachynski, Shannon Garrigan, Louie Escobell, Muhammad Farooq, Kirk Torres, Katherine Allison, and Ralph Diaz: violation of the Eighth Amendment by deliberate indifference to his health and safety needs; California Civil Code section 52.1; and negligent infliction of emotional distress.

2. Plaintiff has stated the following cognizable claims against defendants the State of California, CDCR, and SQSP: violation of the Rehabilitation Act.

3. The Court ORDERS that service shall proceed by the United States Marshal Service ("USMS") on the State of California through the Office of the Attorney General.

4. The Court orders that service on the following defendants shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody:

    a. CDCR
    b. SQSP
    c. Estate of Robert S. Tharratt
    d. Ronald Davis
    e. Ronald Broomfield
    f. Clarence Cryer
    g. Alison Pachynski
    h. Shannon Garrigan
    i. Louie Escobell
    j. Muhammad Farooq
    k. Kirk Torres
    l. Katherine Allison
    m. Ralph Diaz

In accordance with the program, the clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 5 in 25-cv-07879), this Order of Service, a CDCR Report of E-Service Waiver form, and a summons. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the USMS and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The clerk shall provide to the USMS the completed USM-285 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

5. All defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver form.

6. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once defendants are represented by counsel, all documents must be mailed to

counsel rather than directly to defendants.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

9. The case will remain stayed for all purposes other than service of the complaint on defendants.

**IT IS SO ORDERED.**

Dated: December 22, 2025

EDWARD J. DAVILA
United States District Judge