UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE CIM-SQ TRANSFER CASES | Case No.   5:20-cv-06326-EJD |
| | **ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINTS** |
| This Document Relates To: | Re: ECF No. 430 |
| All Actions | |

On behalf of himself and the Plaintiffs' Steering Committee, Plaintiff Reginald Thorpe has filed a Motion for Leave to Amend Complaints.  Mot. ECF No. 430.  To all represented actions, Plaintiff wishes to name Vince Cullen (the former Director of Corrections Services for California Correctional Healthcare Services) and Connie Gipson (the former director of Adult Institutions for the California Department of Corrections and Rehabilitation) as defendants.  To the *Thorpe* class complaint, Plaintiff wishes to name Cullen and Gipson plus six additional people (Luis Escobell, Charles Thompson, Ronald Davis, Clarence Cryer, Alison Pachynski, M.D., and Shannon Garrigan, M.D.) who have been named defendants in the other represented actions.  Defendants opposed, and Plaintiff replied.  Opposition ("Opp."), ECF No. 431; Reply, ECF No. 437.  Having reviewed the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Local Rule 7-1(b).  For the reasons explained below, the Court **GRANTS** the Motion.

//

//

//

Case No.: 5:20-cv-06326-EJD
ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINTS
1

United States District Court
Northern District of California

## I.    LEGAL STANDARD

### A.    Rule 15(a)

A party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "This policy is to be applied with extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation marks omitted).

### B.    Rule 16

A district court is required to enter a pretrial scheduling order within 120 days of the filing of the complaint.  The scheduling order "control[s] the subsequent course of the action" unless modified by the court.  Fed. R. Civ. P. 16(e).  Orders entered before the final pretrial conference may be modified upon a showing of "good cause."  Fed. R. Civ. P. 16(b).

## II.    MOTION FOR LEAVE TO AMEND

Defendants oppose the Motion on the grounds that it violates Local Rule 10-1, Rule 15(a), and Rule 16.[1]  The Court addresses each argument in turn.

### A.    Local Rule 10-1

Under Local Rule 10-1, "[a]ny party filing or moving to file an amended pleading must

---

[1] Rule 20(a) also applies to Plaintiff's motion.  Rule 20(a) allows the joinder of parties when the claims arise from the same transaction or occurrence or series of transactions or occurrences and involve some common question of law or fact.  Fed. R. Civ. P. 20(a).  Courts also consider possible prejudice, delay, motive, the closeness of relationship between old and new parties, effect on court's jurisdiction, and notice.  Mot. at 14.  The claims arise from the same transaction or occurrence—the inmate transfer—and Defendants do not contest Rule 20 in their Opposition.

Case No.: 5:20-cv-06326-EJD
ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINTS
2

reproduce the entire proposed pleading . . . ." N.D. Cal. Civ. L.R. 10-1.

Plaintiff requests leave to amend the complaints governing over twenty cases, but he filed only one amended complaint with his motion. *See* Declaration of Matthew Carlson ("Carlson Decl.") Ex. C., ECF No. 430-2. Defendants argue that Plaintiff's failure to file amended complaints for every case constitutes a violation of Local Rule 10-1, and that this violation alone is sufficient basis to deny leave to amend. Opp. at 5. Plaintiff counters that he submitted the single draft complaint as an exemplar, consistent with the efficiencies intended by consolidating the cases for Phase 1 of the proceedings. Reply at 3.

Defendants are correct that a court may deny a motion to amend when a plaintiff fails to submit an amended pleading along with his motion. *Young v. Nooth*, 539 F. App'x 710, 711 (9th Cir. 2013) (denying *pro se* plaintiff leave to amend was not an abuse of discretion where they "failed to attach a proposed amended complaint as required by local rule"). But in the case that Defendants cite to support that proposition, the plaintiff did not submit any amended pleading whatsoever. *Smith v. Cnty. of Santa Cruz*, No. 5:16-CV-02376-EJD, 2018 WL 317846, at *5 (N.D. Cal. Jan. 8, 2018), *aff'd*, 731 F. App'x 682 (9th Cir. 2018). Here, on the other hand, Plaintiffs submitted one amended pleading to stand in for twenty substantially similar pleadings. *See* Carlson Decl., ECF No. 430-2 at ¶¶ 4–5 (noting that if the motion is granted, amendments to add parties in other cases would be substantially similar to those set forth in Plaintiff Thorpe's proposed complaint). This was efficient, not negligent. The Court declines to deny Plaintiff's motion on these grounds.

### B.    Rule 15(a)

Rule 15(a) allows a party to amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Courts consider four factors when determining whether to grant leave to amend: (1) prejudice to the opposing party; and (2) futility of the proposed amendment; (3) bad faith on the part of the movant; and (4) undue delay. *Harrington v. Pinterest, Inc.*, No. 5:20-CV-05290-EJD, 2024 WL 847929, at *2 (N.D. Cal. Feb. 28, 2024) (citing *Foman v. Davis*, 371 U.S.

Case No.: 5:20-cv-06326-EJD
ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINTS
3

United States District Court
Northern District of California

178, 182 (1962)). Defendants do not allege any bad faith, so the Court must only consider futility, undue delay, and prejudice.

### 1.    Futility of the Proposed Amendment

The test for futility is the same as whether the proposed amendment would survive a motion to dismiss under Rule 12(b)(6). *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). Defendants do not contest the sufficiency of the allegations. Defendants only argue that the amended complaint would not relate back and thus would be barred by the relevant statutes of limitations. *See* Opp. at 5–10. The Ninth Circuit has instructed that courts must "consider both federal and state law and employ whichever affords the 'more permissive' relation back standard." *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1201 (9th Cir. 2014).

### a.    State Law Relation Back

All of the represented complaints allege Doe defendants. Mot. at 7. Plaintiff argues that under California law, these claims should relate back to the original filing. *Id*.

Courts apply California Code of Civil Procedure Section 474 to allow a plaintiff to substitute a fictional Doe defendant in Section 1983 suits. *Cervantes v. Zimmerman*, 2019 WL 1129154, at *19 (S.D. Cal. Mar. 12, 2019) (collecting cases). A plaintiff may use Doe defendant allegations and subsequently substitute named defendants after the statute of limitations has lapsed so long as he was "'genuinely ignorant of the defendant's identity at the time the original complaint was filed.'" *Doe v. County of Los Angeles*, No. 2:20-CV-02748-ODW-PVCx, 2021 WL 5396093, at *4 (C.D. Cal. Nov. 18, 2021) (quoting *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1200 (9th Cir. 2014)).

Here, Plaintiff claims that he was "genuinely ignorant" of the Doe defendants' identities at the time the complaints were filed. Mot. at 8. Defendants contest that characterization of events, arguing that "all relevant actors were well known by 2021 at the latest through the extensive discovery in the *Von Staich* proceedings" and yet "Plaintiffs filed their motion [to amend] nearly five years afterward." Opp. at 8. But as Plaintiff notes, whether he knew of these actors in 2021 is beside the point: what matters is whether he knew of them "at the time the original complaint was

Case No.: 5:20-cv-06326-EJD
ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINTS
4

United States District Court
Northern District of California

filed." Reply at 4 (quoting *Doe v. County of Los Angeles*, 2021 WL 5396093, at *4). None of the attorneys for any of the represented plaintiffs except for those in *Hampton, Warner*, and *Ruiz* cases were involved in V*on Staich*, and thus did not know know what information was in the *Von Staich* discovery until long after filing the original complaints. Reply at 5. And counsel in *Hampton, Warner*, and *Ruiz*, all of whom were involved in the *Von Staich* matter, did not join those cases until long after the original complaints were filed. *Id*.

The Court accepts that Plaintiff was genuinely ignorant of the proposed defendants at the time the original complaint was filed, and thus all the complaints that name Doe defendants relate back.

### b.      Federal Law Relation Back

Some of the *pro se* complaints did not allege Doe defendants and thus would not be eligible for relation back under California law. Plaintiff asserts that these complaints (as well as the complaints that do list Doe defendants, analyzed above) would be eligible for relation back under federal law.

Federal law provides that "[i]n order for an amended complaint to relate back under Rule 15(c)(1)(C), the following conditions must be met: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it." *Butler*, 766 F.3d at 1202.

Defendants contest the third element—that the party must or should have known that but for a mistake, the action would have been brought against them. The proposed defendants were already named in the *Von Staich* proceedings. Opp. at 9. Defendants argue that when Plaintiffs did not name the proposed defendants in their Section 1983 suits, the proposed defendants would have concluded that this was an "active decision by those Plaintiffs." Opp. at 9. Defendants also argue that the fact that some of the proposed defendants for the consolidated action were already named in other actions would have made their exclusion from the consolidated action seem like a

Case No.: 5:20-cv-06326-EJD
ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINTS
5

strategic choice. Opp. at 9. But in the case that Defendants cite in support of that proposition, the court found that a plaintiff's "*deliberate choice* not to sue a part involved in the events at issue in the complaint is not a mistake." *Hardesty v. Sacramento Metro. Air Quality Mgmt. Dist.*, 935 F. Supp. 2d 968, 981 (E.D. Cal. 2013) (emphasis added). Here, however, there was no deliberate choice. At the time of filing—before the cases were consolidated—Plaintiffs' attorneys were acting independently. Reply at 5. As a result, many of the attorneys "simply did not have an understanding of all the actors involved in the transfer." *Id.* Thus, the fact that some defendants were named in some, but not all, of the cases reinforces the point that some of the attorneys did not know the identities of the potential defendants. Once the attorneys learned more about the facts—including through the recent depositions—they moved to add the potential defendants to the complaint.

The Court is persuaded that the proposed defendants must or should have known that, but for a mistake concerning identity, actions would have been brought against them.

### 2.    Undue Delay

Undue delay in filing an amended complaint occurs when "the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Cop. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006); *see also Acri v. International Ass'n of Machinists*, 781 F.2d 1393, 1398 (9th Cir. 1986) ("[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action."). An eight-month delay between the time of obtaining a relevant fact and seeking a leave to amend constitutes undue delay. *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991) (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)). Delay alone is not sufficient reason to deny leave to amend, but undue delay combined with prejudice may justify denying leave to amend. *Campbell v. Feld Ent., Inc.*, No. 12-CV-04233-LHK, 2014 WL 12701123, at *3 (N.D. Cal. Feb. 14, 2014).

Case No.: 5:20-cv-06326-EJD
ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINTS
6

Plaintiff argues that the Motion does not constitute undue delay: it was filed only about two months after the completion of discovery, before which Plaintiff claims he did not understand the prison's hierarchy and decision-making structure. Moreover, Plaintiff first alerted Defendants of his desire to amend on March 5, but only got a firm answer on Defendants' counsel's position regarding amendment at the meet and confer on April 17. Carlson Decl. ¶6.

Defendants disagree. They believe that Plaintiff "should have known the facts and theories raised by the amendment in the original pleading," because *Von Staich* and *Malear* explored the proposed defendants' roles and relevant conduct. Opp. at 12. At a minimum, Defendants argue, Plaintiff could have moved to amend at the outset of consolidation. *Id.*

But in Reply, Plaintiff notes that *Von Staich* only named one proposed defendant, and *Malear* had no depositions at all. Consequently, counsel could only derive fragmentary information about the proposed defendants from those cases. The depositions for this case finally revealed the proposed defendants' roles and made it clear they should be named in this case. Those depositions took place earlier this year. Plaintiff then asked for leave to amend after the close of discovery, thinking it would be cleaner to amend all at once, rather than making piecemeal requests. Reply at 11.

Based on this record, it seems that all of the plaintiffs' attorneys did not understand the proposed defendants' roles in the transfer until after they had been deposed. The attorneys then waited until the depositions were closed to avoid filing piecemeal amendments. "[A] plaintiff should not be punished for attempting to make comprehensive amendments rather than amending piecemeal as soon as one piece of knowledge becomes known to them." *ML Prods. Inc. v. Billiontree Tech. USA, Inc.*, No. 2:23-CV-08626-MEMF-DTB, 2025 WL 1717642, at *3 (C.D. Cal. Apr. 16, 2025). The Court finds that there was no undue delay that would overcome the "extreme liberality" with which courts should apply Rule 15(a). *Eminence Capital, LLC*, 316 F.3d at 1051.

### 3.    Prejudice

In a Rule 15(a) inquiry, "prejudice to the opposing party that carries the greatest weight. . .

Case No.: 5:20-cv-06326-EJD
ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINTS
7

United States District Court
Northern District of California

Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id*. at 1052.  In determining whether there is prejudice, courts consider things like the need to re-open discovery, delay proceedings, or incur additional expenses.  Mot. at 4 (citing *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)).  But broadly speaking, "[t]he undue prejudice which a court must guard against is that prejudice which would cause a party undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party." *Braun v. Norton*, No. C-05-03777-MJJ, 2006 WL 8459605, at *4 (N.D. Cal. Jan. 27, 2006).

Plaintiff does not wish to re-open discovery: the proposed defendants have already been deposed.  Mot. at 4.  Thus, the only conceivable prejudice is a delay to the briefing schedule for the motion for summary judgment.  Defendants worry that the delay would not be brief: the new defendants would need to be served and request representation from the Attorney General's office, and the Attorney General's office would then need to file responsive pleadings.  Opp. at 11.

The Court finds that a potential delay in the briefing schedule alone does not constitute prejudice.  The Court is issuing this order more than two weeks before the June 12, 2026, dispositive motion deadline, so it is possible that amendment will not create a delay in the briefing schedule.  Stipulation and Order Amending Phase I Schedule, ECF No. 340 at 2.  But even if the dipositive motion deadline does need to be extended, courts have found that brief delays do not constitute undue prejudice.  *Weigele v. FedEx Ground Package Sys., Inc.*, 2010 WL 3069213, at *2 (S.D. Cal. Aug. 4, 2010).  Moreover, a brief delay would not create the kind of "undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories" required to find prejudice.  *Braun*, 2006 WL 8459605, at *4.  The consolidated phase of this case, and the anticipated motion for summary judgment, will cover issues and defenses common to all the cases.  It should not be unduly difficult for defense counsel to incorporate the proposed defendants into their motion for summary judgment.

Case No.: 5:20-cv-06326-EJD
ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINTS
8

### C.    Rule 16

Defendants argue that Plaintiff fails to meet the "good cause" standard set by Rule 16. Opp. at 13.  Plaintiff contends that Rule 16 does not apply, and if it does, he has shown good cause.  Reply at 12.  The Court first addresses whether Rule 16 applies and, finding it does, addresses whether Plaintiff has shown good cause.

#### 1.    Whether Rule 16 Applies

Under Rule 16, a "schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).

Defendants argue that granting the Motion would require modifications to the now-expired discovery deadline and the dispositive motion deadline.  Plaintiff resists that conclusion.  Plaintiff does not wish to re-open discovery, so the discovery deadline would not change.  And Plaintiff hopes that the dispositive motion deadline would not change, either: since the anticipated motion for summary judgement will be on grounds that apply to all defendants, adding the proposed defendants should not significantly affect the drafting of that motion.  Reply at 12.

The Court finds that Rule 16 likely applies to Plaintiff's motion.  The Court is issuing this order just over two weeks before the dispositive motion deadline.  That leaves the parties two weeks and two days to effectuate service, organize representation, and add the defendants to the motion for summary judgment.  Though it is possible the parties will be able to accomplish all of this in the short time frame, it is more likely that the dispositive motion deadline will be delayed, and thus that Rule 16 applies.

#### 2.    Whether Plaintiff Has Satisfied Rule 16

Rule 16(b)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992) (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

Case No.: 5:20-cv-06326-EJD
ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINTS
9

United States District Court
Northern District of California

Defendants argue that Plaintiff does not satisfy Rule 16 because he did not exercise reasonable diligence.  They again argue that Plaintiff knew about these proposed defendants for years yet only belatedly moved to add the defendants to the complaints.  And Defendants again argue that Plaintiff deposed the proposed defendants in January and February but did not move to amend until April 27.  Opp. at 14.

The Court finds that Plaintiff has adequately explained both the delay from the time of filing and the delay after the depositions.  *See supra* Part II.B.2, *see also* Reply at 13 ("As soon as discovery closed, they began the meet and confer process, and once it became apparent that Defendants were no longer so inclined [to allow amendment] and that agreement on adding defendants would be impossible, Plaintiff filed this Motion within 10 days.").  Rule 16 applies, but Plaintiff has shown the requisite good cause.

### III.    CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion.  Plaintiff will file the amended complaints by **Tuesday, June 2, 2026.**

**IT IS SO ORDERED.**

Dated: May 26, 2026

EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California

Case No.: 5:20-cv-06326-EJD
ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINTS
10